LYMAN T. HARADA and KATSUYO HARADA, Plaintiffs-Appellees, Cross Appellants *v.* FLORENCE A. ELLIS, et al., Defendants-Appellants, Cross Appellees

NO. 6020

FEBRUARY 28, 1979

RICHARDSON, C.J., OGATA, MENOR and KIDWELL, JJ., and CIRCUIT JUDGE KATO in place of KOBAYASHI, J., recused.

468

OPINION OF THE COURT BY KIDWELL, J.

This multi-party action was commenced by the filing, on September 3, 1964, of a complaint seeking foreclosure of a mortgage which secured a principal indebtedness of $44,000. The files of the circuit court transmitted with the record in this appeal contain more than 3600 pages. Seven prior appeals to this court have been disposed of. We now have before us the consolidation of seven additional appeals, all of which deal with the division of the proceeds of the foreclosure sale and the assessment of costs. A counterclaim by defendants against plaintiffs was, in effect, separated from the foreclosure action by an order entered March 1, 1966. A detailed history of the action is not needed or useful here, although it obviously would be instructive on fundamental problems of judicial administration. Our summary of the case will be confined as closely as possible to the matters directly before us.

The mortgage and the promissory note thereby secured were made by defendants Masaru Sumida, Charley T. Shiraishi, Stanley Unten and Florence A. Ellis in favor of plaintiffs Lyman T. Harada and Katsuyo Harada. William S. Ellis, Jr. is allegedly the successor in interest of all of the named defendants. The purchaser of the property, David B. Cassidy, appears in these proceedings by way of motions seeking the allowance of interest earned on the amount of the purchase price between the date of payment and the delivery of the deed. Each of these parties is before us both as appellant and as appellee. The commissioners appointed to conduct the sale, Aaron M. Chaney and Tin Fook Tom, have filed an answering brief as appellees.

An order entitled Judgment, Decree of Foreclosure and Order of Sale was entered March 24, 1966, in which it was ordered that final judgment be entered in favor of the plaintiff mortgagees against the defendant mortgagors in the principal amount of $44,000 with interest at 5½% per year from November 20, 1962; that the mortgage be foreclosed and the property be sold at public auction by commissioners therein appointed; that the amounts and priority of tax liens be determined upon confirmation of the sale; and that the amounts and priority of further interest, costs, attorneys' fees and other charges be determined upon confirmation of the sale. On the same date, judgment was entered in favor of the mortgagees against the mortgagors in the sum of $52,066.

Sale of the property by the commissioners for the sum of $139,000 was confirmed by order entered January 10, 1973. The commissioners were directed to convey the property upon payment of the purchase price and to disburse the sum of $101,888.62 in payment of the judgment and interest thereon, as well as certain charges and expenses. The balance of the purchase price of $139,000 was paid on January 10, 1973 by the purchaser, David B. Cassidy, to the commissioners, but the deed was allegedly not delivered until March 21, 1975. By an account filed April 14, 1975, the commissioners showed disbursements of the ordered sums during March 1975 and their retention of a balance, including interest earned, of $62,940.09. Orders entered on July 11, 1975 dis-

posed of pending motions and largely form the foundation of the consolidated appeals.

We have found difficulties in resolving the status of these appeals, as reflected in our disposition of various motions during their pendency. It is sufficient for the purposes of this opinion to state that we now regard each of the appeals as properly before us. We will deal with each of the appeals separately.

I.

The appeal of plaintiff mortgagees presents a single question. By the order confirming the sale, entered January 10, 1973, the commissioners were directed to pay to plaintiffs out of the sale proceeds the sum of $73,249.02, being the amount of the judgment entered March 24, 1966 ($52,066.00) and interest thereon at 6% to January 3, 1973 ($21,183.02), and to plaintiffs' attorneys for attorneys' fees and costs the sum of $19,140.58, or a total sum of $92,389.60. By order entered July 11, 1975 the circuit court awarded interest to plaintiffs at the rate of 6% per year on the sum of $52,066.00 from January 1, 1973 until payment of the foregoing sums pursuant to the order of January 10, 1973. Payments of these sums were made by the commissioners on March 21 and 31, 1975. Plaintiffs contend that they should have been awarded interest at the statutory rate of 6% per year for this period on the sum of $92,389.60 rather than $52,066.

During the period from January 10, 1973 until the payments to plaintiffs in March, 1975, the commissioners were in possession of the sale proceeds of $139,000. Defendants appealed from the January 10, 1973 order but did not obtain a stay of the order. Allegedly because of the cloud of this appeal, David B. Cassidy, the purchaser at the foreclosure sale, refused to accept the commissioners' deed. On motion of the commissioners, an order was entered on June 19, 1973 directing the commissioners to record the deed, pay certain expenses (not including the payments in question here) and deposit the balance in court for disposition by future court order. Cassidy appealed from this order, filed a supersedeas

bond and obtained a stay of the order. Cassidy's appeal was dismissed by this court on May 3, 1974 for want of jurisdiction. Defendants' appeal from the January 20, 1973 order resulted in affirmance of the order by this court on August 26, 1974. Plaintiffs sought, by motion filed November 20, 1974, to hold the commissioners in contempt for their failure to comply with the orders of January 10, 1973 and June 19, 1973. In response, the commissioners pointed out that time to file a petition in the United States Supreme Court for a writ of certiorari for review of the disposition of defendants' appeal by this court had been extended, and asserted a willingness to comply with these orders only when the order of January 10, 1973 was no longer subject to judicial modification or reversal. As stated above, the commissioners made payment of the sums in question in March, 1975, and plaintiffs' motion for a contempt order was withdrawn. Plaintiffs thereupon moved for an order awarding interest, resulting in the order from which they appeal.

Plaintiff's motion alleged that the commissioners had obtained interest on the sums in their hands during this period and sought an award of the interest actually earned on the sums ordered paid by the January 10, 1973 order. In their appeal, plaintiffs do not claim interest actually earned, but contend that they are entitled to the statutory rate of interest or 6% per year, on the entire amount of the ordered payments, rather than on the amount of the judgment as awarded by the circuit court.

HRS § 478-2 provides:

> *On Judgment.* Interest at the rate of six per cent a year, and no more, shall be allowed on any judgment recovered before any court in the State, in any civil suit.

In *Kamaole Resort Twenty-One v. Ficke Hawaiian Investments, Inc.*, 60 Haw. 413, 591 P.2d 104 (1979), we very recently considered the applicability of this statute to a mortgage foreclosure decree, which we held was not a judgment within the meaning of the statute. That decree ordered a sale of the mortgaged property but did not adjudicate the amount of the indebtedness secured by the mortgage, did not direct the payment of money and did not find an amount of

money to be due from the defendant to the plaintiff. We pointed out that the right of the plaintiff to receive a money payment had been adjudicated only to the extent of directing the sale of mortgaged property to create a fund for distribution pursuant to future court order. Such a court order is now before us.

It is important to notice that the only in personam liability expressly adjudicated by the circuit court is that represented by the judgment for $52,066. The remaining sums ordered paid by the decree of January 10, 1973 were charged against the fund in the hands of the commissioners. In *Kamaole Resort Twenty-One* we mentioned decisions which stand for the proposition that interest under a statute such as HRS § 478-2 is predicated upon an in personam liability for a determined amount. We adopt that rationale. Liability for judgment interest cannot be founded upon a court order which directs that payment be made only from a fund in the hands of a stakeholder. Although the decree directed the payment of money by the commissioners, it did not evidence an indebtedness of the commissioners. Whether the commissioners were in default in the performance of their obligations under the decree was in issue and not adjudicated by the circuit court.

We conclude that there was no error in the circuit court's refusal to award interest as claimed by plaintiffs. Whether the commissioners incurred any personal liability by reason of their delay in making payment is not before us. We hold only that, upon this record, there was no foundation for impressing a liability for statutory interest upon the fund in excess of that ordered.

## II.

The appeal of defendants Florence A. Ellis, Sumida, Unten and Shiraishi seeks to present solely the question whether the circuit court should have ordered the execution and delivery by the plaintiffs of a release of mortgage and satisfaction of judgment upon the payment to them of the sums ordered paid by the decree of January 10, 1973. Appel-

lant William S. Ellis, Jr., presents the same contention, together with others which will be dealt with elsewhere. We are referred to no case authority, and reliance is placed only on HRS § 636-3, which reads:

> *Judgment, lien when.* Any money judgment or decree of a state court or the United States District Court for the District of Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances. No such lien shall continue beyond ten years after the date of judgment. When any such judgment is fully paid, the creditor or his attorney of record in the action shall, at the expense of the debtor, execute, acknowledge, and deliver to the debtor a satisfaction thereof, which may be recorded in the bureau. Every satisfaction or assignment of judgment shall contain a reference to the book and page of the registration of the original judgment. The recording fees for a judgment and for each assignment or satisfaction of judgment shall be as provided by section 502-25.
>
> In the case of registered land, section 501-102 shall govern.

Defendants requested the circuit court to amend its order of July 11, 1975, which awarded interest and other sums to plaintiffs in addition to sums already paid to them by the commissioners, by including a direction to the commissioners to secure such a release and satisfaction from plaintiffs in a form to be provided by defendants, when payment of the interest was made to plaintiffs. No reasons were given by the court for denying the request. We are aware of no reason why defendants are not entitled to the benefit of the statute. Nevertheless, we see no error in the denial of defendants' request.

The order of July 11, 1975 awarded to plaintiffs "interest at the rate of 6% on the mortgage principal of $52,066.00 from January 1, 1973 until the date of payments said sums (sic) to be distributed from the funds in the possession of the commissioners." We are aware of no determination by the court of the date upon which payment was made of the principal

sum of $52,066. Defendants' request for amendment of the order proposed that the interest payable by the commissioners be computed as the sum of $6,906.95, for the period from January 4, 1973 to March 21, 1975. The request that payment be conditioned upon the execution of a release of mortgage and satisfaction of judgment by plaintiffs was linked to the sum thus computed. The assertion that payment had been made on March 21, 1975 was unsupported in the motion. The motion upon which the order was entered had been before the court since April 1, 1975, but the point raised in the post-order request for amendment had not previously been called to the attention of the court. The request for amendment of the order was submitted without argument.

The rights of defendants to obtain a satisfaction of the judgment and a release of the mortgage were not adjudicated adversely to them by denial of defendants' request for amendment of the order. It was within the court's discretion to refuse to reopen the matters disposed of by the orders and entertain additional questions requiring factual inquiry. We conclude that defendants have failed to show error on the part of the circuit court in the order which is in issue upon their appeal.

III.

The appeal of William S. Ellis, Jr., (Ellis) presents a series of questions, none of which require extended inquiry and for most of which appropriate references to the complex record provide adequate answers. We find no merit in any of the points raised. We will attempt to achieve the utmost brevity in our exposition.

1. Ellis appears in this proceeding as successor in interest of all of the named defendants, which status we assume for the purposes of this opinion. On December 29, 1972, Ellis filed a petition in the United States District Court for the District of Hawaii for a real property arrangement under the Bankruptcy Act, as to the property which is the subject of this action. Despite notice of the bankruptcy filing, the circuit court proceeded with a hearing on confirmation of the sale of

the property by the commissioners pursuant to the decree of March 24, 1966. The sale was confirmed by an order entered January 10, 1973. Ellis appealed to this court from that order, which was affirmed by judgment on appeal entered on August 26, 1974, in Supreme Court Nos. 5474 and 5519, upon a memorandum opinion. Ellis contended in his appeal that the appealed order was void by reason of the intervening bankruptcy proceedings. In this appeal he renews that contention. Even assuming that the order of January 10, 1973 might otherwise be brought before us in this appeal, the validity of that order against the challenge which Ellis seeks to make was resolved in his prior appeal.

2. In the consolidated appeals from the orders of January 10, 1973 and June 19, 1973, Supreme Court Nos. 5474 and 5519, the commissioners by motion sought instructions from this court with respect to the property description to be used in the deed to be delivered to the purchaser, David B. Cassidy. By our order entered March 15, 1974 upon that and other pending motions, we denied the commissioners' motion and ordered "that the Commissioners . . . . shall not take part in and shall refrain from doing any further work in connection with this case, until the further order of this court." (S.Ct. Nos. 5774 and 5519) Ellis here contends that this order constituted an injunction which restrained the commissioners from exercising any powers after remand of the case to the circuit court, that any actions in violation of the injunction were void and that the circuit court committed error in approving such actions. It is a sufficient answer to these contentions to say that we do not read our order of March 15, 1974 as restraining the performance by the commissioners of the duties imposed upon them by orders of the circuit court, following the disposition of Supreme Court Nos. 5474 and 5519 and the remand of the case to the circuit court. The contention that the acts of the commissioners pursuant to orders of the circuit court were void thus lacks foundation.

3. The Order Confirming Sale of Property entered January 10, 1973 both confirmed the sale of the property to David B. Cassidy for the purchase price of $139,000 and directed the commissioners to convey the property to Cassidy

"upon the full payment of the purchase price, not later than January 10, 1973." The record shows that payment of the purchase price by Cassidy was completed on January 10, 1973. Ellis contends that the order of January 10, 1973 authorized conveyance of the property to Cassidy only on that date, was wholly inoperative thereafter and could not be given effectiveness by any subsequent proceedings. We disagree with this reading of the order and think it quite clear that the words "not later than January 10, 1973" had reference only to payment of the purchase price. There being no time limit in the order upon performance of the commissioners' duty to convey the property, Ellis' present contentions are without foundation.

4. By order entered July 11, 1975, the circuit court decreed that: "The commissioners have correctly discharged their duties as ordered by the court." Ellis asserts that the court erred in not finding the commissioners at fault in offering the property for sale with an undertaking to convey clear title. While confusingly presented, the argument appears to rest in part upon the contention that title questions prevented closing of the sale for somewhat more than three years during which the value of the property increased substantially. We are unable to see the relevancy of an increase in the value of property which had been validly sold, and in any event are furnished no record references in support of the assertion of the increase. The terms upon which the property was sold were approved by the Order Confirming Sale of January 10, 1973. As has been demonstrated above, the propriety of that order is not open to question in this appeal. No other deficiency in the commissioners' performance has been pointed out in this appeal, except an asserted failure of the record to show delivery of a deed to Cassidy, as to which there is no attempt to show any prejudicial effect. We find no error in the order under question here.

5. By the Order of Instructions entered July 11, 1975, the circuit court awarded to the commissioners, and authorized payment from the proceeds of the sale, as reimbursement for "necessary and proper" costs and expenses, $1,277.33 for costs incurred and $6,769.88 for attorneys' fees. These sums

were awarded upon motion of the commissioners requesting reimbursement of costs in the amount stated and attorneys' fees as follows: for the period December 19, 1972 to May 22, 1973, $4,769.88; for the period May 22, 1973 to April 11, 1975, $10,451.57. The attorneys' services were not described other than as rendered "in this proceeding and in related federal proceedings." The commissioners' answering brief informs us that no testimony was heard by the circuit court upon the motion.

Ellis opposed the award of costs and attorneys' fees to the commissioners in the circuit court only on the grounds that (1) the motion disclosed activities in violation of the injunction contained in the order of this court entered on March 15, 1975 in Supreme Court Nos. 5574 and 5519, referred to above; (2) the jurisdiction of the circuit court to award costs and expenses of a court officer in the foreclosure proceeding had been ousted by the institution of bankruptcy proceedings by Ellis in the federal district court, (3) portions of the amounts had been the subject of a request for allowance of attorneys' fees in a motion of the commissioners to affirm summarily the Order Confirming Sale of Property, filed pursuant to Rule 6(f) of the rules of this court on October 2, 1973 in Supreme Court Nos. 5574 and 5519, to which reference has been made above, which motion was denied by this court; and (4) the circuit court had no control over the funds in the hands of the commissioners. In this appeal, Ellis presents the same contentions, omitting point (4). Ellis concedes in his opening brief that "services of counsel for the Commissioners are meticulously documented for the period through May 22, 1973." It is asserted, however, that there is nothing in the record to support an award of attorneys' fees for the period May 22, 1973 to April 11, 1975, for which the circuit court allowed $2000, and that the commissioners failed to sustain their burden of proof under the rule announced in *Sharp v. Hui Wahine, Inc.*, 49 Haw. 241, 413 P.2d 242 (1966).

The question whether the commissioners were authorized to employ attorneys and to incur expenses for attorneys' services was thus not raised in the circuit court and is not before us in this appeal. The objections which Ellis made in

opposing the motion and which he has again raised here have already been dealt with, in substance, and do not need further discussion. No question is raised with respect to the adequacy of the evidence before the circuit court with respect to the costs award or with respect to the attorneys' fees for the period prior to May 22, 1973. We will confine our attention to the award of $2000 in reimbursement of attorneys' fees for the period from May 22, 1973 to April 11, 1975, as to which the commissioners had requested $10,451.57.

In *Sharp v. Hui Wahine, Inc.*, we stated the rule as to allowance of an attorney's fee to counsel for the mortgagee in a mortgage foreclosure action as follows:

Generally, in order to justify a finding of a "reasonable" attorney's fee, there must be evidence, or a proper showing made, in support of such finding. . . .

.   .   .   .

This does not necessarily mean that the allowance or award of an attorney's fee must always be predicated on evidence presented in its support. The trial judge is, more or less, knowledgeable as to what is reasonable as an attorney's fee. *Estate of Thz Fo Farm, supra,* 37 Haw. 447, 453. There may well be instances where the amount requested as a fee would and could hardly give rise to a question in the mind of the trial judge in the light of his legal, as well as judicial, experience and would not require evidentiary support to win appellate approval. In the final analysis, the question is one of abuse of discretion; and, if the amount of the fee allowed or awarded appears to the appellate court to be disproportionate to the extent of legal services normally required to be expended in a case of the nature of the one before the trial judge in which the fee was allowed or awarded, his allowance or award of a "reasonable" attorney's fee must then stand the scrutiny of the reviewing court on the record. . . .

49 Haw. at 250-51, 413 P.2d at 248.

Upon the hearing of the commissioners' motion, counsel for the commissioners represented to the court that the fee requested for the period from May 22, 1973 to April 11, 1975

represented 200.75 hours of attorneys' services and that the requested rate of compensation was $50 per hour plus general excise tax. He further represented that the time sheets for this period were present in court and offered to file them together with an affidavit supporting his representation. The court advised him that this would not be necessary. No party suggested to the court that evidence be received in support of the motion. It is apparent that the court drew upon his acquaintance with the proceedings and with the services rendered by counsel for the commissioners in allowing only $2000 of the $10,451.57 requested. From our own review of the record, we are not of the opinion that the amount awarded was disproportionate to the extent of the legal services which are reflected in the record and which the commissioners might have reasonably considered necessary, assuming as we must that the employment of counsel by the commissioners in these matters was authorized. We conclude that there was no abuse of discretion by the trial court and that its order awarding costs and attorneys' fees to the commissioners should be affirmed.

6. Ellis raises the same question with respect to failure of the trial court to provide in its order of July 11, 1975 for a release of the mortgage and satisfaction of the judgment as was raised in the appeal of the named defendants. This question is disposed of in part II.

7. Motions were filed by plaintiffs and Cassidy seeking reconsideration of orders which denied prior motions for awards of interest and attorneys' fees. These motions were denied by an order entered August 11, 1975, which order included the recital: "said motion having been opposed by Defendants on procedural grounds set forth in Memorandum Opposing Reconsideration." Upon motion of plaintiffs, by order entered August 25, 1975 the order of August 11, 1975 was amended by striking therefrom the quoted words. Ellis asserts that the amendment of the prior order constituted error or abuse of discretion, arguing that the prior order accurately reflected the basis of the court's decision and that its modification violated Rule 61, H.R.C.P, which requires disregard of harmless error. No showing is made that the

action of the trial court in any way prejudiced Ellis in this proceeding. In the absence of a showing of prejudice, Rule 61 equally requires us to disregard the asserted error.

8. As a point in his appeal, Ellis asserts that the trial court erred in extending, by its order of September 4, 1975 the time for appeal by Cassidy from denial of his claim for interest on the purchase price during the period between payment and conveyance of the property. This point will be considered in part IV.

9. By order entered August 19, 1975 the named defendants and Ellis were ordered to pay to plaintiffs the sum of $145.60 for failure to provide discovery, consisting of failure of the named defendants and Ellis to appear at a deposition to be taken in preparation for trial on the counterclaim. Ellis seeks reversal of that order in this appeal.

Plaintiffs point out that the counterclaim was effectively severed from the foreclosure proceedings by an order entered March 1, 1966, which granted summary judgment to plaintiffs and directed the entry of a final judgment, decree of foreclosure and order of sale pursuant to Rule 54(b), H.R.C.P., reserving jurisdiction of the counterclaim. It is argued that the order was interlocutory with respect to the counterclaim proceedings, which remain undisposed of on the record before us, and thus was not subject to appeal prior to the entry of a final judgment on the counterclaim. If the order was not a final judgment we may not entertain the appeal, it not having been allowed as an interlocutory appeal. *Wylly v. First Hawaiian Bank*, 57 Haw. 61, 549 P.2d 477 (1976). However, the order directed payment of the assessed sum and was immediately enforceable through contempt proceedings. As in *MDG Supply Co. v. Ellis*, 51 Haw. 480, 463 P.2d 530 (1969), the order involved a right not directly related to either the foreclosure or the counterclaim proceedings and placed Ellis in immediate jeopardy of being found in contempt of court if he did not comply. Under the collateral order doctrine invoked in *MDG Supply Co.*,[1] the appeal is properly before us.

---

[1] We note the possibly contrary rule of the federal courts. Compare *Fox v. Capital Company*, 299 U.S. 99 (1936), holding non-appealable a civil contempt order requir-

It is undisputed that Ellis failed to appear on August 6, 1975, before the officer who was to take his deposition, after having been served with proper notice. On August 4, 1975 Ellis filed a motion, together with the named defendants, for a protective order, setting forth as reasons undue inconvenience and expense of travelling to Maui from Honolulu for the deposition, unreasonably short notice and undue delay in seeking discovery. By supplemental affidavit filed on August 5, 1975, Ellis averred that his wife had received a telephone call saying that he would be killed on August 6, 1975 and for the additional reason of the death threat he would not attend the deposition. The motion was denied by an order filed August 7, 1975 which recited that the hearing was held on August 5, 1975.

As a party, Ellis was subject to sanctions for failure to attend at his own deposition under Rule 37(d), H.R.C.P., notwithstanding the lack of a court order under Rule 37(a). Rule 37(d) provides:

> The failure to act described in this subdivision shall not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

It is clearly implied in the rule that failure to attend a deposition is not to be excused where a protective order has been denied by the trial court acting within its proper discretion. In this appeal, in effect, Ellis argues that the trial court abused its discretion both in denying the protective order and in imposing sanctions, after being informed by Ellis of the latter's belief that his presence on Maui on August 6, 1975 would expose him to the death threat.

Ellis does not present to us any excuse for his nonattendance at the deposition other than the telephone threat, and we need not consider the other grounds upon which he sought the protective order. The trial court's response to the motion for the protective order must be weighed in light of the cir-

ing the debtor to pay the creditor's attorney's fees incurred by reason of the debtor's refusal to submit to examination. Also see 9 Moore's Federal Practice ¶ 110.13(4) (1975).

cumstances of the case and the trial court's appraisal of the credibility and good faith of the parties in the presentation of their contentions to the court. The weight to be given to the reasons advanced to the trial court for Ellis' unwillingness to attend the deposition was for the trial court to determine and its conclusion should be binding on us in the absence of an abuse of discretion. The record before us does not disclose that the court's discretion was abused. We conclude that the order imposing sanctions should be affirmed.

IV.

The appeal of David B. Cassidy, the purchaser at the foreclosure sale, seeks reversal of an order entered July 11, 1975, which denied his motion for allowance of interest on the amount of the purchase price from the date of its payment until conveyance of the property to him. The appeal also seeks reversal of an order entered on August 11, 1975, which denied reconsideration of the order of July 11. Ellis challenges the appeal as untimely. We must first inquire whether the appeal is properly before us, before considering its merits.[2]

If the appeal from the July 11 order was timely, we need not consider whether a timely appeal was taken from the August 11 order, which would present the identical question. A motion for reconsideration of the July 11 order was filed in the circuit court on July 21, 1975. This motion was denied by the order of August 11. On August 13, 1975, Cassidy filed a motion under Rule 73(a)(1), H.R.C.P., for an extension of time for filing a notice of appeal until September 10, 1975, supported by an affidavit of counsel which averred that the time for appeal from the July 11 order had expired on August 11, 1975. The August 11 order was amended by an order entered August 25, 1975. On September 4, 1975 an order was

---

[2] The status of Cassidy as a party entitled to appeal from the orders of the circuit court in this proceeding has not been challenged by any of the parties in the appeals before us. We will not search the extensive record for confirmation of the purchaser's status as a party to these proceedings.

entered extending until September 10, 1975 Cassidy's time to appeal from the orders of July 11, August 11 and August 25. A notice of appeal by Cassidy from the orders of July 11 and August 11 was filed on September 9, 1975. On September 24, 1975 Cassidy filed a notice of appeal from the August 25 order.

Rule 73(a) provides that an appeal may be taken within 30 days from the denial of a timely motion under Rule 59 to alter or amend the judgment, or for a new trial. As Ellis concedes, the motion for reconsideration of the July 11 order, if timely, tolled until the entry of the August 11 order denying reconsideration the time for appeal from the July 11 order, and rendered timely the September 9 notice of appeal, without need to consider the effectiveness of the order extending time to appeal, which Ellis challenges. It is argued, however, that the motion was not timely because not served within ten days after entry of the July 11 order, as required by Rule 59(b).

The record does not support this argument. Pursuant to Rule 5(b), service of the motion could be made by mailing a copy to Ellis, who was not represented by counsel. Such service was complete upon mailing. Attached to the motion is a certificate of counsel that a copy of the motion was duly mailed to Ellis, as well as to counsel for the other parties, on July 21, 1975. The motion was opposed by Ellis, and by the named defendants, by a memorandum filed July 25, 1975 upon the grounds that it was not timely because not served until July 22, 1975 and because it was not supported by a memorandum. In support of the allegation that the motion was unserved until July 22, Ellis attached to his memorandum a facsimile of an envelope addressed to him, bearing the return address of Cassidy's counsel and a postmark of July 22, 1975. As has been noted, the order denying reconsideration entered on August 11, 1975 contained a recital that the motion had been opposed by Ellis on procedural grounds set forth in his memorandum. Ellis would have us read this as a finding by the trial court that service was untimely. However, such a finding does not appear in the order and its implication is negated by the amendment of the order on August 25, 1975 to delete the recital. The record contains no finding as to the

time of service of the motion, nor even an assertion by the opponents to the motion that the envelope shown in the facsimile had contained a copy of the motion. A postmark is not conclusive of the time of mailing and with the advent of privately metered mail its evidentiary effect has become somewhat questionable. 4 Wright & Miller, Federal Practice and Procedure: Civil § 1148 (1969).

We conclude that the presumption that the motion was timely served, provided by counsel's certificate, has not been rebutted and that the record discloses that the appeal was timely. We turn to consideration of the appeal and conclude that it is without merit.

The reports of the commissioners in the record disclose that interest was earned upon the funds in the hands of the commissioners during the period from January 10, 1973 until March 21, 1975. These funds consisted of the purchase price paid by Cassidy. The commissioners' reports confirm that the property was not conveyed to Cassidy prior to November 26, 1974 and at least suggest that such conveyance did not take place prior to May 21, 1975. Cassidy contends that he should have been awarded, out of the funds in the hands of the commissioners and subject to the control of the court, the amount of interest actually earned by these funds during such period. His claim is founded on HRS § 449-16.5 for the period subsequent to July 1, 1976, the effective date of the statute, and upon asserted common law principles to the same effect as the statute for the prior period.

HRS § 449-16.5 provides:

> *Interest on funds.* In all escrow agreements involving the purchase of real property or appurtenances thereon and in which an escrow depository acts as a fiduciary party holding the funds in escrow, any interest earned on such funds during the holding thereof shall accrue to the credit of the purchaser in such transaction unless otherwise instructed in writing by the purchasers and sellers in the escrow.

The term "escrow" and "escrow depository" are defined for the purposes of § 449-16.5 as follows:

> (3) "Escrow" means any transaction affecting the

title to real property, including leaseholds, proprietary leaseholds, and condominiums, in which a person not a party to the transaction and neither having nor acquiring any interest in the title receives from one party to the transaction, holds until the happening of an event or performance of a condition and then delivers to another party to the transaction, any money or other consideration or any instrument affecting the title to that real property, all in accordance with the terms of the agreement between the parties to the transaction.

(4) "Escrow depository" means the person who, in an escrow, and for compensation, receives, holds, and delivers the money, other consideration, or instrument affecting title to real property.

Sec. 449-16.5 is thus applicable only where the funds are in the hands of a person not a party to the transaction, and by definition is inapplicable where payment is made directly by a purchaser to a seller. Cassidy attempts to show that an escrow had been created by the terms of a letter, dated January 10, 1973, by Cassidy's agent addressed to Aaron M. Chaney, one of the commissioners, purporting to transmit Cassidy's check for $125,000 (the balance of the purchase price) payable to the commissioners, with "escrow instructions." The letter appears in the record only as an exhibit to a memorandum of counsel in support of Cassidy's motion for award of interest. We are without a transcript of the hearing on the motion and can only guess whether any effort was made to place the letter in evidence. No findings were made by the trial court and no reasons were given for its denial of Cassidy's motion. We are in the dark, therefore, with respect to the authenticity of the letter, the circumstances of its delivery and the response of the commissioners to it. In the absence of evidence in the record from which the court might have found that an escrow had been created, we see no error in the failure of the trial court to so find.

Even assuming, however, that the funds are to be regarded as having been in escrow pending the fulfillment of the conditions of the sale, the present appeal must fail. In order for an obligation to arise under § 449-16.5, the funds had to be

in the hands of an escrow depository during the period in which the interest accrued. Cassidy founds his claim upon an asserted obligation of that escrow depository. But the commissioners, as parties to the transaction with Cassidy which generated the payment, by definition could not be escrow depositories and could not incur obligations under § 449-16.5. The jurisdiction of the circuit court, on whatever grounds it permitted Cassidy to appear in these proceedings, cannot be regarded as extending to the adjudication of an obligation assertedly owed to Cassidy by a person who acted as a conduit for the transmission of the purchase price from Cassidy to the commissioners. A claim by Cassidy against the commissioners which might conceivably have been properly entertained by the court, could not be founded on § 449-16.5. Thus the theory upon which Cassidy attempts to establish his claim necessarily places the claim outside the scope of the court's concern in these proceedings.

In view of the disposition of these appeals, the pending motion of Ellis to strike the answering briefs filed by Cassidy and the commissioners need not be considered.

The judgments appealed from in these consolidated appeals are affirmed.

*William S. Ellis, Jr.*, Defendant-Appellant, Cross Appellee, pro se.

*Helen B. Ryan (Ryan & Ryan* of counsel) for defendants-appellants, cross appellees except William S. Ellis, Jr.

*William F. Crockett* for plaintiffs-appellees, cross appellants.

*Shackley F. Raffetto (Mukai, Ichiki, Raffetto & MacMillan* of counsel) for purchaser-appellee, cross appellant.