**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000844
04-JUN-2020
08:44 AM**

NO. CAAP-19-0000844

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KE NOHO KAI COMMUNITY ASSOCIATION, by its Board of Directors,
Plaintiff-Appellant, v. ARMANDO SEDANO; Defendant-Appellee,
and JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5;
DOE CORPORATIONS 1-5; DOE ENTITIES 1-5; and
DOE GOVERNMENTAL UNITS 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-0680-04 (DEO))

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Plaintiff-Appellant Ke Noho Kai
Community Association's (**Ke Noho Kai**) appeal from the November 8,
2019 "Final Judgment Re: Order Denying Plaintiff's Motion For
Attorney's Fees and Costs Filed July 31, 2019" (**11/8/19
Judgment**), by the Circuit Court of the First Circuit (**Circuit
Court**), which was entered based on an order denying Ke Noho Kai's
motion for attorneys' fees and costs and requiring Ke Noho Kai to
pay Defendant-Appellee Armando Sedano's (**Sedano**) special counsel
fees. The 11/8/19 Judgment does not adjudicate any of Ke Noho
Kai's multiple causes of action alleged against Sedano.

Pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP), "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added).

Although Ke Noho Kai asserted three separate counts in its April 26, 2017 complaint against Sedano, the 11/8/19 Judgment does not resolve any of those claims. The 11/8/19 Judgment is not appropriate for certification pursuant to HRCP Rule 54(b) because HRCP Rule 54(b) "certification of finality is limited to only those cases where . . . the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party." Elliot Megdal & Assocs. v. Daio USA Corp., 87 Hawaiʻi 129, 133, 952 P.2d 886, 890 (App.1998) (citation omitted). In the instant case, the circuit court has not yet adjudicated any of Ke Noho Kai's claims, which remain pending before the circuit court.

A "circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawaiʻi 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted); see also CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawaiʻi 301, 307, 22 P.3d 97, 103 (App. 2001). In Fujimoto, 95 Hawaiʻi at 122-23, 19 P.3d at 705-06, the Hawaiʻi Supreme Court held it did not have appellate jurisdiction to review a "final judgment" entered on April 20, 1999, that awarded a defendant [Jorgensen] $7,591.48 in attorneys' fees and costs. The court explained:

> This court does not have jurisdiction over the appeal and cross-appeal of the "judgment" in favor of Jorgensen and against the plaintiffs, filed on April 20, 1999, inasmuch as the document filed by the circuit court does not expressly enter judgment in Jorgensen's favor with respect to the

> plaintiffs' substantive claims against him, but merely refers to the entry of the summary judgment orders that disposed of those claims. Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Absent entry of an appealable final judgment on the claims against Jorgensen, the award of attorneys' fees and costs is likewise not appealable.

Id. at 123, 19 P.3d at 706. Here, absent an appealable final judgment on Ke Noho Kai's claims, the circuit court's judgment awarding Sedano's special counsel fees is not yet eligible for appellate review.

Further, the 11/8/19 Judgment is not appealable under the collateral order doctrine. In Harada v. Ellis, 60 Haw. 467, 480-81, 591 P.2d 1060, 1070 (1979), the Hawai'i Supreme Court held it had jurisdiction to review an order requiring defendants to pay a sanction of $145.60 for failure to provide discovery. The court explained that "the order directed payment of the assessed sum and was immediately enforceable through contempt proceedings[,]" citing to MDG Supply Co. v. Ellis, 51 Haw. 480, 463 P.2d 530 (1969). Here, the 11/8/19 Judgment is not a sanction, nor is it immediately enforceable through contempt proceedings.

Ke Noho Kai's appeal in CAAP-19-0000844 is thus premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that case number CAAP-19-0000844 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, June 4, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

3