**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000723
21-JAN-2021
09:23 AM
Dkt. 20 OGMD**

NO. CAAP-20-0000723


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ATC MAKENA N GOLF LLC, ATC MAKENA S GOLF LLC,
ATC MAKENA LAND SF1 LLC, ATC MAKENA LAND MF1 LLC,
ATC MAKENA LAND MF2 LLC, ATC MAKENA LAND MF3 LLC,
ATC MAKENA LAND C1 LLC, ATC MAKENA LAND U1 LLC,
ATC MAKENA LAND B1 LLC, ATC MAKENA LAND MF4 LLC,
ATC MAKENA LAND SF2 LLC, and ATC MAKENA LAND AH1 LLC,
Plaintiffs-Appellees, v. AZIZI K. KAIAMA,
ROYAL HEIR, Defendant-Appellant,
and DOES 1 – 100, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000099(3))


ORDER GRANTING MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon consideration of the December 9, 2020 Motion to Dismiss Appeal for Lack of Appellate Jurisdiction by Plaintiffs-Appellees ATC Makena N Golf LLC, et al., the papers in support, and the record, it appears we lack appellate jurisdiction over self-represented Defendant-Appellant Azizi K. Kaiama's appeal from the Circuit Court of the Second Circuit (**circuit court**) October 8, 2020 Order for Award of Attorneys' Fees and Costs because the circuit court has not yet entered a final, appealable judgment in the underlying case, Civil No. 2CCV-20-0000099.

An aggrieved party cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an

appealable, final judgment under Rule 58 or Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (**HRCP**).  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  The circuit court has not yet entered an appealable, final judgment.

The Order for Award of Attorneys' Fees and Costs does not qualify for an exception to the final-judgment requirement under the Forgay doctrine or HRS § 641-1(b).  See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (requirements for appeals under the Forgay doctrine); HRS § 641-1(b) (requirements for leave to file an interlocutory appeal).  The order is not appealable under the collateral-order doctrine because it does not direct payment of the sanction amount on any particular date and, thus, is not immediately enforceable through contempt proceedings.  See Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979) (an interlocutory sanction order is appealable under the "collateral order doctrine" only if it "direct[s] payment of the assessed sum and [is] immediately enforceable through contempt proceedings").

Therefore, IT IS HEREBY ORDERED that the motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, January 21, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge