**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000456**
**21-OCT-2022**
**08:33 AM**
**Dkt. 76 OGMD**

NO. CAAP-22-0000456

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE TRUST 2005-2, ADJUSTABLE RATE MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-2, Plaintiff-Appellee, v. THE ESTATE OF STUART D. EDWARDS, aka STUART DENZIL EDWARDS; KELLY EDWARDS, aka KELLY ANNE EDWARDS, individually and as Trustee of the Edwards Family Trust U/D/T dated September 19, 1996, Defendants-Appellants, and DOES 1 through 20, inclusive

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC15100031K)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Ginoza, Chief Judge, Wadsworth and Chan, JJ.)

Upon consideration of the Motion for Order Dismissing Appeal (**Motion**), filed September 28, 2022, by Plaintiff-Appellee U.S. Bank National Association, the papers in support and in opposition, and the record, it appears we lack appellate jurisdiction over self-represented Defendant-Appellant Kelly Edwards AKA Kelly Anne Edwards, Individually and as Trustee of the Edwards Family Trust U/D/T Dated September 19, 1996's (**Edwards**) appeal from the Circuit Court of the Third Circuit's (**Circuit Court**) July 13, 2022 "Order Denying Defendant's Motion for Sanctions Against Plaintiff's Counsel, Filed May 3, 2022" (**7/13/22 Order**) and June 23, 2022 "Order Denying Defendant's Motion for Reconsideration of Defendant's Hearing Motion for Sanctions Against Plaintiff's Counsel, Filed May 3, 2022

[Dkt. 297]" (**6/23/22 Order**) (together, **Orders**), in Civil No. 3CC15100031K, because the Circuit Court has not entered a final, appealable judgment.

An aggrieved party typically cannot obtain appellate review of a circuit court's interlocutory orders in a civil case under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) until the circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58. Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). In foreclosure cases, appellate jurisdiction is further defined by HRS § 667-51, which provides for appellate jurisdiction over a judgment on a foreclosure decree. Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371, 390 P.3d 1248, 1258 (2017). Here, the Circuit Court has not entered a final, appealable judgment under HRS §§ 641-1(a) or 667-51. Additionally, the Circuit Court has not certified the Orders for appeal in a HRCP Rule 54(b) judgment or granted leave to file an interlocutory appeal under HRS § 641-1(b) (2016).

There are two common law exceptions to the final judgment rule, the Forgay[1] doctrine, and the collateral order exception. Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016). The Orders do not satisfy the requirements for the Forgay doctrine, as neither is a judgment for immediate execution against an interest in real property. Id. The 7/13/22 Order is not appealable under the collateral order exception because an interlocutory sanction order is only appealable if it "direct[s] payment of the assessed sum and [i]s immediately enforceable through contempt proceedings," Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979), and here, the 7/13/22 Order **denies** Edwards's request for sanctions. See, e.g., Discover Bank v. Adams, No. CAAP-13-0000429, 2013 WL 3863100, at *1 (App. July 25, 2013) (Order) (finding that an order denying a motion for sanctions does not satisfy the requirements for appealability under the collateral order exception).

---

[1] Forgay v. Conrad, 47 U.S. 201 (1848).

As to Edwards's June 8, 2022 "Motion for Reconsideration of Defendant's Hearing Motion for Sanctions Against Plaintiff's Counsel, Filed May 3, 2022," though labeled as a motion for reconsideration of the 7/13/22 Order, it is, in substance, a HRCP Rule 38(b) motion for an order setting jury trial, which does not qualify for the collateral order exception because it is not "effectively unreviewable on appeal from a final judgment." Greer, 137 Hawaiʻi at 253, 369 P.3d at 836; Khaleghi v. Indymac Ventures, LLC, No. CAAP-15-0000486, 2016 WL 4268709, at *4 (App. Aug. 11, 2016) (Mem.) ("it is the substance of a motion that should control rather than the title"); Taylor v. Attorneys at Law, Crudele & De Lima, No. CAAP-19-0000796, 2020 WL 2394991, at *1 (App. May 12, 2020) (Order Dismissing Appeal for Lack of Jurisdiction) (finding that an order denying an HRCP Rule 38 motion for a jury trial does not fall under the collateral order exception).

Accordingly, IT IS HEREBY ORDERED that the Motion is granted and this appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED: Honolulu, Hawaiʻi, October 21, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge