**Electronically Filed
Supreme Court
SCPW-23-0000586
20-OCT-2023
11:32 AM
Dkt. 22 ODDP**

SCPW-23-0000586

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

CATHERINE M. SHYNE,
Petitioner,

vs.

THE HONORABLE KATHLEEN N.A. WATANABE,
Judge of the Circuit Court of the Fifth Circuit,
State of Hawai‘i, Respondent Judge,

and

TBC KOLOA TOWN LLC, Respondent.

---

ORIGINAL PROCEEDING
(CASE NO. 5CCV-21-0000032)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., McKenna, and Eddins, JJ.,
Circuit Judge Remigio and Circuit Judge Souza,
assigned by reason of vacancies)

Upon consideration of the petition for a writ of mandamus, filed on October 16, 2023 (Petition), the documents attached and submitted in support, and the record, Petitioner Catherine M. Shyne failed to establish a "clear and indisputable right to the relief requested and a lack of other means to redress adequately

the alleged wrong or to obtain the requested action." See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999).

Here, depending on the outcome of the hearings in the underlying post-judgment proceeding it appears Petitioner could pursue normal appellate procedures to challenge any purported error by the circuit court. See e.g., Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (discussing post-judgment orders and when they may be appealed); Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979) (discussing the collateral order doctrine and contempt). It is well-established that a petition for writ of mandamus is not meant to serve as a legal remedy in lieu of normal appellate procedure. See Kema, 91 Hawaiʻi at 204, 982 P.2d at 338.

Next, based on a review of the record it cannot be said that the circuit court committed a flagrant and manifest abuse of discretion in scheduling the hearing dates at the same time. Here, a number of hearings related to the debtor examination occurred before the upcoming October 25, 2023 hearing, yet despite receiving notice of these hearings through the Judiciary Electronic Filing System (JEFS), counsel for Petitioner failed to appear. See Rules of the Circuit Courts of the State of Hawaiʻi, Rule 15(b) ("Expedition of Court Business"); see also Electronic Filing and Service Rules, Rule 6 ("The Notice of Electronic Filing automatically generated by JEFS and JIMS

2

constitutes service of the electronically filed document to JEFS Users."). In short, as to this ground and based on the circumstances raised by Petitioner, we decline to entertain the petition.

In sum, none of the arguments made by Petitioner support the issuance of the requested writ. In so holding, we do not decide any question as to the merits.

The burden was on Petitioner to establish the extraordinary circumstances to warrant mandamus. We find that Petitioner failed to carry this burden.

It is ordered that the Petition is denied.

DATED: Honolulu, Hawaiʻi, October 20, 2023.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Catherine H. Remigio

/s/ Kevin A.K. Souza