**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000529
23-FEB-2024
07:52 AM
Dkt. 68 SO**

NO. CAAP-19-0000529

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KRISTIN TANDAL, KATHERINE MADDEN, DAWN LELEO-RODRIGUES, KELE MANGUCHEI, LISA JOYCE FOOTE, and TAMARA INMANN, individually and on behalf of all others similarly situated, Plaintiffs-Appellees,
v.
MARRIOTT INTERNATIONAL, INC.; ESSEX HOUSE CONDOMINIUM CORPORATION, Defendants-Appellees; ALAN GALLARDO GANIR, an individual, Defendant-Appellant; and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC181000139)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Alan Gallardo **Ganir** appeals from the interlocutory **"Order** Granting Plaintiffs' Motion for an Order Compelling Discovery and for Fees and Sanctions Against Defendant Alan Gallardo Ganir" entered by the Circuit Court of the Fifth Circuit on July 12, 2019.[1]  We have jurisdiction over the part of the Order awarding attorneys fees as sanctions only.  Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979).  We reverse the award, paragraph 9 of the Order.

The complaint below alleges that Ganir used his iPhone to film the plaintiffs in their workplace women's locker room.

---

[1] The Honorable Randal G.B. Valenciano presided.

Plaintiffs served discovery requests.  Ganir served responses.
Counsel met and conferred about the sufficiency of Ganir's
responses.  Plaintiffs moved to compel discovery and asked for
sanctions.  On July 12, 2019, the circuit court ordered that
Ganir comply with certain discovery requests and pay $9,001.04 of
Plaintiffs' attorneys fees within 30 days, under penalty of
contempt.  Ganir appeals.

We review the award of discovery sanctions for abuse of
discretion.  Aloha Unlimited, Inc. v. Coughlin, 79 Hawaiʻi 527,
532-33, 904 P.2d 541, 546-47 (App. 1995).  We also review the
award of attorney fees for abuse of discretion.  Gailliard v.
Rawsthorne, 150 Hawaiʻi 169, 175, 498 P.3d 700, 706 (2021).

Rule 37(a)(4)(A) of the Hawaiʻi Rules of Civil
Procedure (**HRCP**) requires that a court granting a motion to
compel discovery award attorney fees to the moving party unless
"the opposing party's nondisclosure, response, or objection was
substantially justified[.]"  "A good faith dispute concerning a
discovery question can, in a proper case, constitute 'substantial
justification' for refusing to give discovery."  Fujimoto v. Au,
95 Hawaiʻi 116, 167, 19 P.3d 699, 750 (2001) (citations omitted).

We take judicial notice that the criminal case against
Ganir arising out of the conduct alleged in Plaintiffs' complaint
was pending while the discovery dispute was being litigated.[2]
The discovery dispute arose because Ganir asserted his Fifth
Amendment right against self-incrimination.  Plaintiffs argued
that Ganir's Fifth Amendment right didn't apply to their
discovery requests, which they maintained required non-
testimonial responses.  Ganir argued that the discovery requests
were worded so that by responding, he would be admitting facts
that the State had the burden to prove in his criminal case.  He
had pleaded no-contest in his criminal case but argued —
correctly — that his Fifth Amendment privilege could be asserted

---

[2]  State v. Ganir, JIMS Nos. 5DCW-18-0000787 and 5CPC-18-0000233.
Counsel representing Ganir in this case also represented Ganir in 5CPC-18-
0000233.

"until sentencing," which had not happened when the motion to compel was heard.  See Mitchell v. United States, 526 U.S. 314, 326 (1999) (concluding that defendant retains Fifth Amendment right until "the sentence has been fixed and the judgment of conviction has become final").  He offered to supplement his discovery responses "the day of sentencing."

The circuit court recognized that "[t]he issue of the Fifth Amendment is an open question on whether it applies or not . . . [s]o that's an open question."  The circuit court ruled: "one is, I'm going to compel access to the phone; two is, I'm going to compel nontestimonial discovery.  And as far as testimonial discovery, we'll defer until [after sentencing.]" The circuit court did not specify during the hearing which discovery responses called for non-testimonial rather than testimonial responses.

The record shows that Ganir had substantial justification for asserting his Fifth Amendment right against self-incrimination because of the way the plaintiffs' discovery requests were worded, and because he had yet to be sentenced in his criminal case.  Under these circumstances, the circuit court acted outside of its discretion by imposing HRCP Rule 37(d) sanctions against Ganir.

For these reasons, paragraph 9 of the "Order Granting Plaintiffs' Motion for an Order Compelling Discovery and for Fees and Sanctions Against Defendant Alan Gallardo Ganir" entered on July 12, 2019, is reversed.

DATED:  Honolulu, Hawaiʻi, February 23, 2024.

On the briefs:

Matthew Mannisto,
for Defendant-Appellant
Alan Gallardo Ganir.

Daniel G. Hempey,
Michelle Premeaux,
Brian K. Mackintosh,
for Plaintiffs-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge