**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000078
02-MAR-2026
07:46 AM
Dkt. 67 SO**

NO. CAAP-24-0000078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PACIFIC HAWAII FOOD SERVICE LLC, Plaintiff-Appellee,
v.
JIN QUAN YANG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000181)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Jin Quan **Yang** appeals from three orders entered by the Circuit Court of the Second Circuit.[1]

We lack jurisdiction to review the January 12, 2024 *Order Granting in Part and Denying in Part Plaintiff's Motion to Strike Defendant's Answer* and the January 26, 2024 *Order Denying Defendant's Motion for Judgment on the Pleadings* because they are interlocutory orders not appealable under the collateral order or Forgay doctrines, see Greer v. Baker, 137 Hawaiʻi 249, 254, 369 P.3d 832, 837 (2016), and they are not appealable under HRS § 641-1(b) (2016).

---

[1] The Honorable Michelle L. Drewyer presided.

The January 26, 2024 *Order Granting Plaintiff's Motion for Attorney Fees and Sanctions, and Further Order to Show Cause* (**Attorney Fee Order**) is an appealable collateral order because it directs payment of a sum certain by a date certain and is enforceable through contempt proceedings, Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979), and it imposes sanctions against Yang's counsel, Fujimoto v. Au, 95 Hawaiʻi 116, 126 n.8, 19 P.3d 699, 709 n.8 (2001).

**Pacific** Hawaii Food Service LLC sued Yang. Pacific moved to compel discovery from Yang under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 37(a) (**Motion to Compel**). The motion was supported by copies of Pacific's discovery requests, copies of Yang's responses, and a declaration of Pacific's counsel that complied with HRCP Rule 37(a)(2).

The Circuit Court granted the Motion to Compel in part. It ordered Yang "to fully and appropriately respond to [Pacific]'s document demands, interrogatories and requests for admissions[.]"

Pacific moved for attorney's fees (**Fee Motion**). It sought fees of $3,278.33 under HRCP Rule 37(a)(4)(A), which provides:

> If the motion [to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party **the reasonable expenses incurred in making the motion, including attorney's fees**, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(Emphasis added.)

The Fee Motion was supported by a declaration of Pacific's counsel and an exhibit documenting the claimed fees.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Yang filed an opposition to the Fee Motion.

According to the minutes, the Fee Motion was heard on January 25, 2024, with Yang's motion for judgment on the pleadings. The minutes state: "[Pacific]'s Motion for Sanctions - GRANTED, with amended amount to be submitted as state[d] on record." The record on appeal does not contain a transcript of the January 25, 2024 hearing.

The Attorney Fee Order stated that Yang and his counsel "are hereby jointly sanctioned in the sum of $3,078.53, payable to [Pacific] within 30 days following the date of this order[.]"

Yang argues that the Fee Motion violated HRCP Rule 37(a)(4)(A) because it was filed as a non-hearing motion. Exhibit B to the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) lists motions for attorney fees (except as an HRCP Rule 11 sanction or in a foreclosure case) as non-hearing motions.

Yang argues "surprisingly, the Trial Court, *sue* [sic] *sponte* called out a hearing on this Motion for Attorney Fees over the objection of Yang's counsel." RCCH Rule 7.2(c) (eff. Oct. 28, 2019) allows a circuit court to *sua sponte* hear a non-hearing motion. Yang's opposition to the Fee Motion had been filed three days before the hearing. The Circuit Court could have ruled without a hearing, but appears to have afforded Yang an additional chance to be heard. Yang did not order a transcript of the hearing for the record on appeal.

Yang presents no cogent argument that the Circuit Court erred by granting Pacific's Motion to Compel. When a circuit court grants an HRCP Rule 37 motion to compel discovery, it "shall" grant the reasonable attorney fees incurred by the moving party, "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the

opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."  HRCP Rule 37(a)(4)(A).

The declaration supporting the Motion to Compel showed that Pacific's counsel conferred with Yang's counsel twice to resolve the discovery dispute.  Yang cites nothing in the record that would make the award of attorney fees unjust.  Yang does not challenge the amount of the fee award.

The January 26, 2024 *Order Granting Plaintiff's Motion for Attorney Fees and Sanctions, and Further Order to Show Cause* is affirmed.  Yang's appeal from the January 12, 2024 *Order Granting in Part and Denying in Part Plaintiff's Motion to Strike Defendant's Answer* and the January 26, 2024 *Order Denying Defendant's Motion for Judgment on the Pleadings* is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, March 2, 2026.

On the briefs:

Wen Sheng Gao,
for Defendant-Appellant
Jin Quan Yang.

James D. DiPasquale,
for Plaintiff-Appellee
Pacific Hawaii Food
Service LLC.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge