ALEXANDER WYLLY, Plaintiff *v.* FIRST HAWAIIAN
BANK, Defendant-Appellee *v.* LEROY JOHNSON, et
al., Additional Defendants on Counterclaim, and
ROBERT C. RAAB, Counterclaim Defendant-Appellant

NO. 6171

MAY 4, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Upon examination of the record in this case,
filed April 6, 1976, it is apparent that this appeal is pre-
mature.

The action was commenced by the filing of a complaint for
a declaratory judgment with respect to plaintiff's liability on a
continuing guaranty of another's indebtedness. The answer
of Defendant-Appellee included a counterclaim against
plaintiff on the continuing guaranty and cross-claims against
four additional defendants, including Defendant-Appellant,
on related continuing guaranties, to which plaintiff and
three of the cross-claim defendants, including Appellant,
filed answers. A default was entered against the remaining
cross-claim defendant. With the action in this posture, a
partial summary judgment was entered against Appellant in
favor of Appellee on the cross-claim. This appeal is from the
partial summary judgment.

Rule 54(b), H.R.C.P. provides:

(b) Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The record shows, in respect of the partial summary judgment, no determination that there is no just reason for delay or direction for the entry of judgment (although the judgment is signed by the court). Nor does the record show an allowance by the circuit court of an interlocutory appeal in this case. After the filing of Appellant's notice of appeal, it was stipulated and ordered that the trial of the action be continued until moved on.

Rule 54(b), H.R.C.P., is identical with Rule 54(b) of the Federal Rules of Civil Procedure. It is well settled in the Federal courts that the requirements of Rule 54(b) are to be applied strictly and that the direction and determination called for by the Rule are essential prerequisites to an appeal from a judgment falling within the ambit of the Rule. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil § 2660 (1973); 6 MOORE'S FEDERAL PRACTICE ¶ 54.34[2.-2] (1976). Where a judgment[1] lacks finality due to

---

[1] A nonappealable partial summary judgment under Rule 56 is not a "judgment" within the definition contained in Rule 54(a). WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil § 2651. To avoid conflict with the terminology of

lack of these prerequisites, the appellate court will raise on its own motion its lack of jurisdiction of an appeal. 6 MOORE'S FEDERAL PRACTICE ¶ 54.34[1] (1976); *Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358 (2nd Cir. 1974).

We are without jurisdiction of an appeal prior to final judgment, unless the appeal is allowed as an interlocutory appeal. HRS § 641-1. There is no exception for multiple-party actions. *Chang v. City & County*, 51 Haw. 137, 453 P.2d 753 (1969); *Iwai v. City and County*, 51 Haw. 307, 459 P.2d 195 (1969). We cannot disregard a jurisdictional defect in an appeal and are required to dismiss an appeal on our own motion when we conclude that we lack jurisdiction. *Naki v. Hawaiian Electric Co., Ltd.*, 50 Haw. 85, 431 P.2d 943 (1967); *State v. Dawson*, 54 Haw. 400, 507 P.2d 723 (1973); *Jezierny v. Biggins*, 56 Haw. 662, 548 P.2d 251 (1976).

The appeal here is from a money judgment, and no exceptional circumstances are present which might make the appeal allowable without compliance with Rule 54(b). *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil § 2658 (1973). No application for allowance of an interlocutory appeal was made to the circuit court. We cannot entertain the appeal and must return the case to the circuit court for further proceedings, without prejudice to any application which may be made for certification of the finality of the partial summary judgment under Rule 54(b), or for the allowance of an interlocutory appeal, and the perfection thereafter of an appeal from the partial summary judgment. We express no opinion as to the disposition which the circuit court should make of any such application.

The appeal is dismissed.

*Edward C. Kemper (Kemper & Watts* of counsel) for Defendant-Appellant.

*Richard J. Kowen (Cades Schutte Fleming & Wright* of counsel) for Defendant-Appellee.

---

Rule 56, we here refer to a judgment from which an appeal, other than an interlocutory appeal, lies as a "final judgment".