FAMILIAN NORTHWEST, INC., dba HAWAII PIPE AND SUPPLY, an Oregon corporation, Plaintiff-Appellee, *v.* CENTRAL PACIFIC BOILER & PIPING, LTD., a Hawaii corporation, Defendant-Appellee, and FIRST HAWAIIAN BANK, A. ADOLFI AUCTION CO., and FRANK ADOLFI, Garnishees-Appellants

NO. 10037

(CIVIL NO. 78410)

FEBRUARY 28, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellants First Hawaiian Bank, A. Adolfi Auction Co., and Frank Adolfi ("Garnishees") appeal the circuit court's refusal to quash a

garnishee summons issued against them. Since there is no final appealable order, we dismiss this appeal for lack of jurisdiction.

## I.

On January 20, 1984, summary judgment was entered in favor of Appellee Familian Northwest, Inc., dba Hawaii Pipe & Supply ("Familian") and against Central Pacific Boiler & Piping, Ltd. ("Central Pacific") in a contract dispute between Familian and Central Pacific.

Familian thereafter caused the issuance of a Garnishee Summons After Judgment directed to Garnishees. Garnishees subsequently filed written disclosures with the court. These disclosures essentially represented that Garnishees possessed no property of Central Pacific.

The court then scheduled a garnishee proof hearing which was later continued to another date. That hearing was never held and no order of garnishment was ever issued.

However, Garnishees initiated proceedings to quash the garnishee summons. They alleged that its issuance violated the ten day automatic stay of execution set forth in Hawaii Rules of Civil Procedure ("HRCP"), Rule 62(a).[1] The motion to quash was denied. Garnishees appeal the court's refusal to quash the summons.

## II.

This court's jurisdiction over an appeal is limited to a review of final judgments, orders and decrees. Hawaii Revised Statutes ("HRS") § 641-1(a) (Supp. 1984); HRCP Rule 54(a); *see also Wylly v. First Hawaiian Bank,* 57 Haw. 61, 63, 549 P.2d 477, 479 (1976). When we perceive a jurisdictional defect in an appeal, we must, *sua sponte,* dismiss that appeal. *Wylly,* 57 Haw. at 63, 549 P.2d at 479 (1976); *Naki v. Hawaiian Electric Co., Ltd.,* 50 Haw. 85, 86, 431 P.2d 943, 944 (1967).

A "post-judgment order is appealable in its own right only if it meets the test of finality applicable to all judicial decisions." *Powers v. Ellis,* 55

[1]HRCP Rule 62(a) provides that:
[N]o execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. . . .

Haw. 414, 416, 520 P.2d 431, 433 (1974). In determining the finality of an order, it is the nature and effect of the order which controls:

"Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

*Gealon v. Keala,* 60 Haw. 513, 520, 591 P.2d 621, 626 (1979); *see also In Re Hawaii Government Employees' Association,* 63 Haw. 85, 88, 621 P.2d 361, 364 (1980); *In Re Application of Castle,* 54 Haw. 276, 278, 506 P.2d 1, 13 (1973). Finally, "[p]rocedural orders which leave the cause still pending are ordinarily considered to be interlocutory." *Jezierny v. Biggins,* 56 Haw. 662, 663-664, 548 P.2d 251, 252 (1976).

In this case, the circuit court's denial of Garnishees' motion to quash the garnishee summons is not a final order, but simply an interlocutory step in the garnishment process. It did not terminate the garnishment proceedings. Nor did it finally adjudicate the rights of any party. To the contrary, the order perpetuated the proceedings. It determined that the summons was properly issued which enabled the proceedings to continue.

Consequently, the order left pending several issues regarding the ultimate fate of the preserved funds. Further proceedings are needed to determine whether Garnishees have a right to setoff;[2] whether there are conflicting claims to the funds;[3] and whether the funds may be applied to satisfy the underlying judgment.[4] These determinations were to be made at the garnishee proof hearing which was scheduled, but never heard.

This appeal is premature and we dismiss for lack of jurisdiction.

*Bruce C. Bigelow* (*Dean D. Choy* with him on the briefs; *Case, Kay & Lynch,* of counsel) for Garnishees-Appellants.

*Richard H. Lachmann* for Plaintiff-Appellee.

---

[2] HRS § 652-2 (1976).

[3] HRS § 652-9 (Supp. 1984).

[4] HRS § 652-4 (1976).