NO. 30151

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

LAW LIBRARY

JEAN P. KIKUMOTO CLERK APPELLATE COURTS STATE OF HAWAII    2010 APR -8 AM 9:08    FILED

NORDIC CONSTRUCTION CO., LTD.,
Respondent/Lienor-Appellee,

vs.

MAUI BEACH RESORT LIMITED PARTNERSHIP,
a Foreign Limited Partnership,
Petitioner/Respondent-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(M.L. NO. 08-1-0017)

ORDER ACCEPTING APPLICATION FOR WRIT OF CERTIORARI
AND AFFIRMING ORDER GRANTING MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Petitioner/respondent-appellant Maui Beach Resort Limited Partnership (Maui Beach Resort), by application filed on March 9, 2010, timely applies for a writ of certiorari to review the Intermediate Court of Appeals's (ICA) March 4, 2010 order granting respondent/lienor-appellee Nordic Construction Co., Ltd.'s (Nordic) January 11, 2010 motion to dismiss Maui Beach Resort's appeal from the first circuit court's October 26, 2009 order denying, without prejudice, Maui Beach Resort's motion to discharge surety bond. The ICA granted the January 11, 2010 motion and dismissed Maui Beach Resort's appeal for the reason that the October 26, 2009 order was not reduced to a separate judgment in accordance with HRCP 58 and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994).

For the reasons set forth below, we accept the application for a writ of certiorari and affirm the ICA's March 4, 2010 dismissal order, but for the reason that the October 26, 2009 order is not an appealable final order.

i.

Mechanic's lien action M.L. No. 08-1-0017 was commenced in the second circuit court on August 8, 2008 by the filing of an application for lien pursuant to HRS § 507-43 (2006). The application was dismissed on December 30, 2008 upon the posting of bond on December 2, 2008 pursuant to HRS § 507-45 (2006). A motion to discharge the bond was filed on September 3, 2009. The motion was denied without prejudice by order of October 26, 2009 for the reason that the dispute for which the bond was posted had yet to be resolved, such that the request to discharge the bond was premature.

The October 26, 2009 order was immediately appealed by Maui Beach Resort. Appellee Nordic, by motion filed on January 11, 2010, moved to dismiss the appeal for lack of appellate jurisdiction, asserting that the October 26, 2009 order was not appealable because: (1) the order was not reduced to a separate judgment in accordance with HRCP 58 and Jenkins v. Cades Schutte Fleming & Wright, supra, or alternatively; (2) the order was not a final order that resolved the matter of whether the bond should be discharged.

The ICA granted the January 11, 2010 motion to dismiss and dismissed Maui Beach Resort's appeal for lack of appellate

2

jurisdiction.  The ICA's order of dismissal, filed on March 4, 2010, stated in relevant part that "the circuit court has not yet reduced [the October 26, 2009 order] to a separate judgment, as HRCP Rule 58 requires.  Absent an appealable separate judgment, Appellant Maui Beach Resort's appeal is premature, and we lack appellate jurisdiction."

ii.

"Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court[.]" HRS § 641-1(a) (Supp. 2009).  "'Final order' means an order ending the proceedings, leaving further to be accomplished.  Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action."  Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (1986).

The August 8, 2008 application for lien filed as M.L. No. 08-1-0017 was finally determined by the December 30, 2008 order dismissing the application.  The September 3, 2009 motion to discharge the bond was a post-judgment proceeding in M.L. No. 08-1-0017.  The October 26, 2009 order denying the motion for discharge without prejudice, until resolution of the dispute for which the bond was posted, did not finally determine Maui Beach Resort's right to have the bond discharged.  Consequently, the October 26, 2009 order was not a final order appealable pursuant

3

to HRS § 641-1(a), and the ICA should have granted the January 11, 2010 motion to dismiss for this reason. A final order, when entered, is not subject to the separate judgment rule of HRCP 58 and Jenkins. See Ditto v. McCurdy, 103 Hawai'i 153, 159, 80 P.3d 974, 980 (2003) ("Clearly, the rule in Jenkins . . . is limited to circuit court orders disposing of claims raised in a circuit court complaint.") (original underscoring). Therefore,

IT IS HEREBY ORDERED that the application for a writ of certiorari is accepted.

IT IS FURTHER ORDERED that the March 4, 2010 order of the ICA granting the January 11, 2010 motion to dismiss appeal for lack of appellate jurisdiction is affirmed.

DATED: Honolulu, Hawai'i, April 8, 2010.

Paula A. Nakayama

Simeon R. Acoba, Jr.

Sabrina S. McKenna