NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30232

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAPITAL ONE BANK (USA), N.A., Plaintiff-Appellee, v.
PATRICIA W. CARNABUCI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. DC CIV. 09-1-2669)

ORDER GRANTING MARCH 17, 2010 MOTION TO DISMISS APPEAL
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of (1) Plaintiff-Appellee Capital One Bank (USA), N.A.'s (Appellee Capital One Bank), March 17, 2010 motion to dismiss this appeal and (2) the record on appeal, we grant the motion, but not on the ground assented by Appellee Capital One Bank. Appellee Capital One Bank argues that we should dismiss the appeal because the jurisdictional statement of Defendant-Appellant Patricia W. Carnabuci (Appellant Carnabuci) was untimely. We reject that argument because, it appears that we lack jurisdiction over Appellant Carnabuci's appeal from the district court post-judgment proceedings, the Honorable Mimi Desjardins presiding. Appellant Carnabuci purports to appeal from Appellee Capital One Bank's November 16, 2009 "Declaration of Judgment Creditor for Garnishment of Wages; Exhibits(s); Notice to Employer of Judgment Debtor; Garnishee Information" (the November 16, 2009 garnishment notice); however, the district court has not yet entered a post-judgment order that is appealable pursuant to Hawai'i Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2009).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added).  The district court's October 13, 2009 judgment finally ended the proceedings for Appellee Capital One Bank's complaint, and, thus, the October 13, 2009 judgment was appealable pursuant to HRS § 641-1(a).  However, Appellant Carnabuci did not file a timely appeal from the October 13, 2009 judgment.  Instead, Appellant Carnabuci seeks appellate review of the post-judgment proceedings through which Appellee Capital One Bank seeks to execute the October 13, 2009 judgment against Appellant Carnabuci's wages by garnishing them.

"A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted).  Thus, for example, the supreme court held that a post-judgment "motion for return of garnished funds and for attorneys' fees and costs constituted a post-judgment proceeding[,]" and, consequently, the post-judgment order that "disposed all issues raised in . . . [the] motion, [and, thus,] ended the post-judgment proceeding regarding the request for return of the . . . garnished funds and for attorneys' fees and costs . . . was appealable under HRS § 641-1(a)." <u>Id.</u> at 157-58, 80 P.3d at 978-79 (citations omitted).

"Correlatively, a[ post-judgment] order is not final [and appealable] if the rights of a party involved remain undetermined or if the matter is retained for further action." Ditto v. McCurdy, 103 Hawai'i at 157, 80 P.3d at 978 (citation and internal quotation marks omitted). For example, the supreme court held that an order denying a post-judgment motion to quash a garnishee summons is <u>not</u> an appealable post-judgment order because such an order does not end that particular post-judgment garnishment proceeding:

> In this case, the circuit curt's denial of Garnishees' motion to quash the garnishee summons is not a final order, but simply an interlocutory step in the garnishment process. It did not terminate the garnishment proceedings. Nor did it finally adjudicate the rights of any party. To the contrary, the order perpetuated the proceedings. It determined that the summons was properly issued which enabled the proceedings to continue.

> Consequently, the order left pending several issues regarding the ultimate fate of the preserved funds. Further proceedings are needed to determine whether Garnishees have a right to setoff; whether there are conflicting claims to the funds; and whether the funds may be applied to satisfy the underlying judgment. These determinations were to be made at the garnishee proof hearing which was scheduled, but never heard.

> This appeal is premature and we dismiss for lack of jurisdiction.

Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 938 (1986) (footnote omitted). Similarly in the instant case, the November 16, 2009 notice of intent to garnish wages does not end the post-judgment garnishment proceeding. The November 16, 2009 garnishment notice is not even a district court order. Instead, the November 16, 2009 garnishment notice merely perpetuates the post-judgment garnishment proceedings by providing notice to Appellant Carnabuci's employer of Appellee Capital One Bank's intention to garnish Appellant Carnabuci's wages in order to satisfy the

October 13, 2009 judgment. The district court has not yet entered a garnishment order that commands Appellant Carnabuci's employer to garnish Appellant Carnabuci's wages. Consequently, the November 16, 2009 garnishment notice is not an appealable final post-judgment order under HRS § 641-1(a). Absent a post-judgment order that finally determines the post-judgment proceeding, Appellant Carnabuci's appeal is premature, and, thus, we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that Appellee Capital One Bank's March 17, 2010 motion to dismiss this appeal is granted, and appellate court case number 30232 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 6, 2010.

Chief Judge

Associate Judge

Associate Judge