**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000583
13-APR-2020
09:17 AM**

NO. CAAP-16-0000583

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF MAXIMO P. ESTEBAN TRUST DATED MAY 20, 1993

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 12-1-0204)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Petitioners-Appellants Merry Lynn Esteban Balatico (Balatico) and Jean Ann Esteban (Esteban) (collectively the Appellants), appeal from the Probate Court of the First Circuit's (Probate Court)[1] September 21, 2015 Trustee Order,[2] September 29, 2015 Judgment Confirming Sale,[3] October 28, 2015 Order Granting Fees,[4] and July 19, 2016 Order Denying Petition For Appeal.[5]

---

[1]    The Honorable Derrick H.M. Chan presided.

[2]    The "Order Denying Petition For Amendment or Vacating of Section 1. of 'Stipulated Order Re: Petition For Accounting, Surcharge, Administration, Distribution, and Construction of Trust, to Ascertain Beneficiaries, Declare Their Rights Thereunder, and/or Removal and Replacement of Successor Trustee' and for Vacating 'Order Granting Petition for Appointment of Successor Trustee' and for Appointment of Successor Trustee Approved by the Beneficiaries, Filed on May 19, 2015", will be referred to as the Trustee Order and the corresponding petition referred to as the Petition for Appointment of Successor Trustee.

[3]    The "Judgment on Order Granting Petition For Confirmation of Sale of Real Property" will be referred to as the Judgment Confirming Sale.

[4]    The Order Granting Petition For Leave to Withdraw as Counsel and For Approval of Attorneys' Fees and Costs will be referred to as the Order Granting Fees.

[5]    The Order Denying Petition for Appeal on Decision of Real Property and Replace/Trustee, Filed July 31, 2015 will be referred to as the Order Denying Petition For Appeal.

On appeal, Appellants assert that the Probate Court abused its discretion in (1) denying their May 19, 2015 Petition For Appointment of Successor Trustee, (2) approving the sale of real property owned by the Maximo P. Esteban Trust (Trust), of which they are beneficiaries, proposed by the previously appointed successor trustee Gary Y. Shigemura (Shigemura), and (3) approving the attorneys' fees request of their former attorney.

After carefully reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues and arguments raised by the parties, we affirm the Probate Court's September 21, 2015 Trustee Order, September 29, 2015 Judgment Confirming Sale, and July 19, 2016 Order Denying Petition for Appeal, but hold that we do not have jurisdiction to review the October 28, 2015 Order Granting Fees.

A.  *Appellants have failed to show the Probate Court abused its discretion in denying the beneficiaries' petition seeking (1) to remove the successor trustee and (2) to appoint a new successor trustee.*

Appellants assert that the Probate Court abused its discretion when it appointed Shigemura as successor trustee and then denied their petition to remove and replace him because, although "one or more of the Beneficiaries initially agreed with the appointment," the majority of the beneficiaries disapproved of the appointment based on the Successor Trustee's conflict of interest or appearance of impropriety.[6]

> The power of a court of equity to remove a trustee is a discretionary power and its exercise will not be disturbed on appeal unless the discretion has been abused. . . . A court of equity may and will remove a trustee who has been guilty of some breach of trust or violation of duty. The exercise of this function by a court of equity belongs to what is called its sound judicial discretion and is not controlled by positive rules except that the discretion must not be abused.

In re Holt's Trust Estate, 33 Haw. 352, 356-57 (1935) (citations and internal quotation marks omitted).

---

[6]  The Appellants' additional argument that Shigemura should have been removed because they disagreed with his sale of the Hilo property is discussed infra.

2

The Trust instrument provides that "a successor Trustee shall be selected by a majority in interest of all beneficiaries then entitled[.]"  The Appellants on appeal assert that there was no majority agreement among the beneficiaries; therefore, the Probate Court abused its discretion in appointing Shigemura.

The January 21, 2015 Petition For Appointment of Successor Trustee alleged that "a majority of the beneficiaries of the trust estate have selected Gary Shigemura, Esq. to succeed Maximo P. Esteban, deceased, as successor trustee of the trust estate."  This Petition was filed on behalf of Balatico, as petitioner, and was served on all three remaining beneficiaries by mail.  No objections to this Petition were filed and none of the remaining beneficiaries appeared at the hearing on this Petition to object.  That Shigemura had a prior business and legal representation relationship with the settlor's former wife, Veronica Esteban (Veronica), was argued by Balatico's counsel as a point in favor of appointing Shigemura as he might more easily gain her needed cooperation.  Because there were no objections to the appointment of Shigemura brought to the attention of the Probate Court, there was adequate basis for the Probate Court to take the allegation in the Petition as true, i.e., that a majority of the beneficiaries agreed to Shigemura's appointment. Consequently, the Trust instrument, as well as Hawaii Revised Statutes (HRS) § 554-2 (2018),[7] required the Probate Court to

---

[7]     Trust, Article 2-4, states in part:

> Trustee shall be selected by a majority in interest of all beneficiaries then entitled, in accordance with this Agreement, to mandatory or discretionary income or principal distributions.

HRS § 554-2 provides, in relevant part,

> (a) Whenever any appointment of a trustee under a private trust is made by any court of record, if, prior to such appointment, beneficiaries who constitute a majority both in number and interest of the beneficiaries of the trust (as hereinafter defined) nominate for the trusteeship by an instrument or instruments in writing filed in the court any qualified person or corporation worthy in the opinion of the court to be appointed, **the court shall appoint the nominee** as the trustee, unless the express terms of the trust provide an effective method of nomination or appointment.

(Emphasis added.)

3

appoint Shigemura as the majority's choice, and the Probate Court did not abuse its discretion in doing so.

In their May 19, 2015 Petition for Appointment of Successor Trustee, signed by all four of the beneficiaries, they alleged that Shigemura was "not the choice of any of the beneficiaries for successor trustee" but that they wanted "CSI" to serve.  They asserted that Shigemura had had prior business dealings with their mother, Veronica, who was not a beneficiary and who "apparently retained Shigemura to serve as trustee," attaching a copy of an unsigned November 17, 2014 retainer agreement between Shigemura and Veronica, indicating the former was being retained regarding "Appointment of Gary Y. Shigemura as Successor Trustee of the Maximo P. Esteban Trust dated May 20, 1993[.]"

At the July 30, 2015 hearing, no testimony or other evidence was presented.  New counsel for the beneficiaries argued that they did not agree to Shigemura's appointment and wanted "Gary Powell of Caregiver" to be appointed as trustee and that under the terms of the Trust, the beneficiaries could remove and appoint a new successor trustee.  No further argument regarding any conflict of interest was presented by the beneficiaries.

Given the lack of any evidence in support of the beneficiaries' allegations or actual breach of trust or violation of duty, we cannot say the Probate Court abused its discretion in denying the Petition For Appointment of Successor Trustee.  See, In the Matter of the Sharon M.Y. Young Revocable Living Tr., 132 Hawaiʻi 517, 323 P.3d 161, No. CAAP-11-0000637, 2014 WL 1239257 at *1 (App. Mar. 25, 2014)(SDO).  Consequently, we do not address the argument that the Probate Court abused its discretion by not appointing the beneficiaries' choice for trustee.

> B.   *The Probate Court did not abuse its discretion when it entered the September 29, 2015 Judgment Confirming Sale.*

The Appellants assert that the Probate Court abused its discretion when it approved the sale of the Hilo property because

the Appellants disapproved of the "direction Shigemura was taking" in administration of the Trust.[8]

Initially, we note that as trustee, Shigemura was empowered, consistent with his fiduciary duties, to deal with the real property of the Trust. Article 3-8 of the Trust instrument provides Shigemura with

> POWERS OF TRUSTEE
>
> 3-8.1 GRANT: The Settlor grants to the Trustee discretion and complete power to administer the trust estate. In addition to those statutory powers now or subsequently conferred by law, such grant shall include without limitation the following powers:
>
> . . . .
>
> 3-8.6 DEAL WITH REAL AND PERSONAL PROPERTY: With respect to real and personal property or any interest in real and personal property owned by the trust:
>
>> (1) To grant options to sell and to sell the same at public or private sale, for cash or on credit, upon such terms as the Trustee deems advisable[.]

Shigemura was required to "invest and manage the trust assets solely in the interest of the beneficiaries" and for their benefit. HRS § 554C-5 (2018); HRS § 554A-3(a) ("a trustee has the power to perform, without court authorization, every act which a prudent person would perform for the purposes of the trust including but not limited to the powers specified in subsection (c)"); HRS § 554A-3(c)(1) (giving a trustee the power to "collect, hold, and retain trust assets received from a trustor until, in the judgment of the trustee, disposition of the assets should be made"). "'Prudent person' means a trustee whose exercise of trust powers is reasonable and equitable in view of the interests of income or principal beneficiaries, or both, and in view of the manner in which persons of ordinary prudence,

_____

[8] The beneficiaries also contend that the Probate Court abused its discretion in approving the Petition for Confirmation of Sale because they had not approved the appointment of Shigemura, which left Shigemura without authorization to sell the property. However, because we conclude Shigemura was properly appointed and retained as Successor Trustee, we do not address this argument further. **See** **supra**.

diligence, discretion, and judgment would act in the management of their own affairs."[9]  HRS § 554A-1 (2018).

> [W]hether the majority trustees exercised reasonable judgment [in entering agreements to sell Trust real property depends] on two points.  One point is whether the sale was necessary for the capital or operational requirements of the [Trust] or was otherwise for the best interest of the estate.  The other point relates to the price at which the lands were agreed to be sold.

Midkiff v. Kobayashi, 54 Haw. 299, 330, 507 P.2d 724, 742 (1973).

The beneficiaries have failed to show that the sale was not in their best interest.  We note that an earlier stipulation in this case obligated the Trust to pay Veronica $400,000.  In addition, the Trust needed cash "to do repairs to certain other Trust property that was going to be kept," and "Mr. Shigemura needs to be paid."  Shigemura also represented that the only two Trust properties capable of producing income were the Hilo property and the Kalihi property.  Because the Kalihi property was a "cash cow" that could produce income required to maintain the Trust-held homes of the beneficiaries, that left the Hilo property for sale.

Nor did the beneficiaries establish that the agreed-upon price for the Hilo property, $135,000, was unreasonable.  First, the beneficiaries made no objection to the price.  Rather, it appears the beneficiaries wanted the property sold--just not that Shigemura would be the one to sell it.  Second, Shigemura stated that the price was "decent" and that he achieved a favorable real estate commission rate of 6% instead of the typical 10% for sale of undeveloped land.  Third, in the Petition For Confirmation of Sale of Real Property, Shigemura alleged that the value of the property for county tax purposes was $135,000.  Veronica's attorney made a separate inquiry about comparable properties, and it appears that he did not find the sales price low enough to be objectionable.

Thus, based on this record, we cannot say the Probate Court abused its discretion in approving the sale of the property and entering the Judgment Confirming Sale.

---

[9]     HRS Chapter 554 is incorporated by reference in HRS § 560:7-401 (2018), which provides, "Trustees shall have, in addition to the powers set out in the trust agreement, the powers as provided in chapter 554 and otherwise as provided by law."

C. *The appeal of the Order Granting Fees was not timely.*

The October 28, 2015 Order Granting Fees is an independently appealable order. Because this order was not appealed within thirty days of October 28, 2015, we lack jurisdiction to review it. See <u>Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd.</u>, 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) ("When we perceive a jurisdictional defect in an appeal, we must, <u>sua</u> <u>sponte</u>, dismiss that appeal.").

Where, as here, a party is appealing from an order, rather than a judgment as to all claims, "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were a part of the series of orders which collectively led to that Order." <u>Cook v. Surety Life Ins. Co.</u>, 79 Hawaiʻi 403, 409, 903 P.2d 708, 714 (App. 1995). Although the decision granting the Petition For Leave to Withdraw as Counsel and For Approval of Attorneys' Fees and Costs (Petition For Fees) was announced before the September 29, 2015 Judgment Confirming Sale,[10] this decision was not a part of a series of orders leading to the Judgment Confirming Sale as the withdrawal of counsel and award of fees and costs was unrelated to the issues involved in the Judgment Confirming Sale. The September 29, 2015 Judgment Confirming Sale was a Hawaiʻi Rules of Civil Procedure Rule 54(b) certified judgment which did not resolve all claims in this litigation. Thus, the appeal therefrom did not bring "up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v. Szymanski</u>, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (internal quotation marks omitted).

Rather, the Order Granting Fees is a post-judgment order under HRS § 641-1(a) because it finally resolved the matters raised in the Petition For Fees. See <u>Ditto v. McCurdy</u>, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment

---

[10] As we have previously ruled, by order dated January 12, 2017, Appellants' July 31, 2015 Petition For Appeal was a premature notice of appeal from, and effective upon, the filing of the September 29, 2015 Judgment Confirming Sale.

proceeding."  Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 599-600 n.4 (App. 2001) (citing Familian Northwest, 68 Haw. at 369-70, 714 P.2d at 937), aff'd in part, vacated in part, by 95 Hawaiʻi 318, 22 P.3d 965 (2001).

Here, the Order Granting Fees addressed both of the issues raised in the April 9, 2015 Petition For Fees, and no additional issues were addressed in the order.  The Order Granting Fees finally adjudicated the parties' rights concerning attorneys' fees and ended that particular proceeding, thereby leaving nothing further to be accomplished.  See Familian Northwest, 68 Haw. at 369, 714 P.2d at 937.  Thus, the Order Granting Fees was an appealable final order.  Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of the State of Hawaiʻi, 106 Hawaiʻi 416, 428 n.12, 106 P.3d 339, 351 n.12 (2005) (noting that a post-judgment order that finally determines attorneys' fees is an appealable final order under HRS § 641-1(a)).  As Appellants failed to timely appeal from this final order, we lack jurisdiction to consider it.

For the foregoing reasons, the September 21, 2015 Trustee Order, September 29, 2015 Judgment Confirming Sale, and July 19, 2016 Order Denying Petition For Appeal are affirmed. The appeal from the October 28, 2015 Order Granting Fees is dismissed.

DATED:  Honolulu, Hawaiʻi, April 13, 2020.

On the briefs:

Rebecca A. Copeland,
for Petitioners-Appellants.

Randall N. Harakal
Brice K. Ueda
for Successor Trustee of the
Maximo P. Esteban Trust Dated
May 20, 1993.

Eric A. Seitz
Della A. Belatti
Bronson Avila
for Real Party in Interest-
Appellee Eric A. Seitz

/s/ Lisa M. Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge