Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000072
24-APR-2020
09:28 AM

NO. CAAP-20-0000072

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SEAN P. DEPAEPE, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR191000006(4);
S.P.P. NO. 19-1-0006(4); CASE NO. 2FC141000147(4))

ORDER GRANTING APRIL 3, 2020 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Upon review of (1) Respondent-Appellee State of Hawaiʻi's (the State) April 3, 2020 motion to dismiss appeal for lack of appellate jurisdiction, (2) the April 20, 2020 memorandum by Petitioner-Appellant Sean P. Depaepe (Depaepe), self-represented, in response to the State's April 3, 2020 motion, and (3) the record, it appears that we lack appellate jurisdiction over Depaepe's appeal from the proceedings on Depaepe's May 21, 2019 petition for post-conviction relief pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure ("HRPP") in S.P.P. No 19-1-0006, the Honorable Richard T. Bissen, Jr., presiding.

Pursuant to HRS § 641-11 (2016) and "HRPP [Rule] 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken

in accordance with Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). Hawaiʻi courts have consistently held that an order qualifies as an appealable final order only if it meets the test of finality applicable to all judicial decisions. Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) (citation omitted). The nature and effect of the order controls whether the order is final:

> "Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Id. (citations and internal quotation marks omitted). As the Supreme Court of Hawaiʻi explained in a similarly premature appeal from a HRPP Rule 40 post-conviction relief proceeding that lacked a final judgment or final order,

> [w]hile we treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever. . . . Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.

Grattafiori, 79 Hawaiʻi at 14, 897 P.2d at 941 (original emphasis).

Similarly, in this case, the circuit court has not yet entered a final order or final judgment that resolves all of the issues in Appellant Depaepe's May 21, 2019 HRPP Rule 40 petition for post-conviction in S.P.P. No 19-1-0006. Absent an appealable final order or appealable final judgment, Appellant Depaepe's appeal is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that the State's April 3, 2020 motion to dismiss appeal is granted, and appellate

court case number CAAP-20-0000072 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, April 24, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge