**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000029
28-OCT-2021
08:03 AM
Dkt. 111 ODSLJ**

NO. CAAP-21-0000029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WH, Petitioner-Appellee, v.
AH, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-P NO. 20-1-0106)

ORDER GRANTING MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICITON
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Upon consideration of the September 15, 2021 "Motion to Dismiss Appeal for Lack of Appellate Jurisdiction" (**Motion to Dismiss**), by Petitioner-Appellee WH (**Father**), the papers in support, and the record, it appears that we lack jurisdiction over Respondent-Appellant AH's (**Mother**) appeal from the Family Court of the Second Circuit's (**family court**) January 5, 2021 "Order Granting [Father's] Amended Petition for Custody, Visitation, Support Orders After Voluntary Establishment of Paternity (**Amended Petition**)" (**Order Granting Amended Petition**) because the family court has not entered a final, appealable judgment, order, or decree.[1]

In family court cases "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the

---

[1] Mother's October 3, 2021 opposition to the Motion to Dismiss is untimely and was not considered. See Hawaiʻi Rules of Appellate Procedure Rule 27(a) (requiring any party submitting an opposition to do so within five (5) days).

circuit court, and review shall be governed by chapter 602, except as hereinafter provided." Hawaii Revised Statutes (**HRS**) § 571-54 (2018). In circuit courts, HRS § 641-1(a) (2016) authorizes appeals from a final judgment, order, or decree. No authority requires a family court to reduce a final order or decision in a paternity action to a separate judgment. See, e.g., In re Doe, 77 Hawaiʻi 109, 114 n.9, 883 P.2d 30, 35 n.9 (1994). Consequently, under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, see HRS §§ 571-54 (1993) and 641-1(a) (1993), or (2) a certified interlocutory order. See HRS § 641-1(b) (1993)." In re Doe, 96 Hawaiʻi 272, 283, 30 P.3d 878, 889 (2001). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (186) (cleaned up).

Here, although the Order Granting Amended Petition resolves the issues in the Amended Petition, it is not final because it schedules a pretrial hearing for April 16, 2021. Further, it appears from the record that the family court scheduled a continued trial on the Amended Petition for January 12, 2022 and expressly characterized its custody and visitation orders in the Order Granting Amended Petition as "temporary."

We note, moreover, that this case does not involve any attempt by a government entity to infringe on the parties' parental rights by way of foster custody or the termination of parental rights, but, instead, involves the resolution of parental rights between two private parties as to their child. Cf. Doe, 77 Hawaiʻi at 115, 883 P.2d at 36; Doe, 96 Hawaiʻi at 283-84, 30 P.3d at 889-90.

In addition, none of the recognized exceptions to the finality requirement appear to apply to the Order Granting Amended Petition. See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (requirements for

appealability under the collateral-order doctrine); HRS § 641-1(b) (2016) (requirements for an appeal from an interlocutory order). Absent a final judgment, order or decree, Mother's appeal is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted, and the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, October 28, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge