**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000509
24-NOV-2021
08:02 AM
Dkt. 71 ODSLJ**

NO. CAAP-21-0000509

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF LI

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 18-00034)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal by Mother-Appellant/Cross-Appellee (**Mother**) and cross-appeal by Aunt/Intervenor/Appellee/Cross-Appellant (**Aunt**) from the Family Court of the First Circuit's (**family court**) September 2, 2021 Orders Concerning Child Protective Act (**Orders**), because the family court has not entered a final, appealable order or judgment, and the Orders are not independently appealable.

In general, appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, see Hawaii Revised Statutes (**HRS**) §§ 571-54 (2018), 641-1(a) (2016), or (2) a certified interlocutory order. See HRS § 641-1(b) (2016). The very nature of a family court chapter 587 proceeding entails "an on-going case which does not result in a 'final' order, as that term is generally defined[,]" In re Doe, 77 Hawaiʻi 109, 114, 883 P.2d 30, 35 (1994) (citation omitted), because, under HRS chapter 587, the family court retains continuing jurisdiction over the case to prevent future harm or threatened harm to a child. Thus, in such family court cases,

the court considers whether the particular order appealed from contains a sufficient "degree of finality" to establish appellate jurisdiction.  Id. at 115, 883 P.2d at 36.  A "final order" means an order ending the proceeding, leaving nothing further to be accomplished.  Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (1986).

Here, it appears that the Orders do not contain a sufficient degree of finality to establish appellate jurisdiction because although they find that it is in LI's best interest to be adopted by the resource caregiver (**RCG**) and not Aunt, they do not finalize adoption of LI by RCG, and they set a permanency hearing for September 29, 2021 and order Petitioner-Appellee/Cross-Appellee Department of Human Services and the guardian ad litem to submit reports, among other things.  Further, it appears that the Orders are not appealable under the collateral-order doctrine because they do not fully resolve a matter completely separate from the main issue, and Mother may appeal, and Aunt may cross-appeal, from the Orders once the family court enters a final, appealable permanency order or judgment.  See Greer v. Baker, 137 Hawaiʻi 249, 254, 369 P.3d 832, 837 (2016) (setting forth the requirements for appealability under the collateral-order doctrine).

Therefore, IT IS HEREBY ORDERED that the appeal in CAAP-21-0000509 is dismissed.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, November 24, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge