**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000524
24-NOV-2021
07:58 AM
Dkt. 18 ODSLJ**

NO. CAAP-21-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF ADOPTION OF LI

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-A NO. 21-1-6112)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal by Aunt-Intervenor-Appellant (**Aunt**) from the Family Court of the First Circuit's (**family court**) September 10, 2021 Findings and Order Setting Further Hearing (**Order**), because the family court has not entered a final, appealable order or judgment, and the Order is not independently appealable.

In general, appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, see Hawaii Revised Statutes (**HRS**) §§ 571-54 (2018), 641-1(a) (2016), or (2) a certified interlocutory order. See HRS § 641-1(b) (2016). The very nature of a family court chapter 587 proceeding entails "an on-going case which does not result in a 'final' order, as that term is generally defined[,]" In re Doe, 77 Hawaiʻi 109, 114, 883 P.2d 30, 35 (1994) (citation omitted), because, under HRS chapter 587, the family court retains continuing jurisdiction over the case to prevent future harm or threatened harm to a child. Thus, in such family court cases, the court considers whether the particular order appealed from

contains a sufficient "degree of finality" to establish appellate jurisdiction.  Id. at 115, 883 P.2d at 36.  A "final order" means an order ending the proceeding, leaving nothing further to be accomplished.  Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (1986).

Here, it appears that the Order does not contain a sufficient degree of finality to establish appellate jurisdiction because although it finds that it is in LI's best interest to be adopted by Resource Caregiver-Petitioner-Appellee (**RCG**) and schedules an adoption hearing for September 29, 2021, it does not finalize adoption of LI by RCG.  Further, it appears that the Order is not appealable under the collateral-order doctrine because it does not fully resolve a matter completely separate from the main issue, and Aunt may appeal from the Order once the family court enters a final, appealable order or judgment granting a petition for adoption by RCG.  See Greer v. Baker, 137 Hawaiʻi 249, 254, 369 P.3d 832, 837 (2016) (setting forth the requirements for appealability under the collateral-order doctrine).

Therefore, IT IS HEREBY ORDERED that the appeal in CAAP-21-0000524 is dismissed.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, November 24, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge