**Electronically Filed
Supreme Court
SCWC-20-0000370
22-NOV-2022
08:13 AM
Dkt. 10 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

BRYAN SUITT,
Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAI'I,
Respondent/Respondent-Appellee.

SCWC-20-0000370

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-20-0000370; CASE NO. 1PR161000011)

NOVEMBER 22, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY EDDINS, J.

The Intermediate Court of Appeals (ICA) dismissed post-conviction relief petitioner Bryan Suitt's appeal for lack of jurisdiction.

We agree with the ICA that Suitt's appeal was not properly taken from a final order. But because the appeal's procedural

defects stemmed from ineffective assistance of counsel, we hold that the ICA has jurisdiction to review the merits of Suitt's appeal.

## I.

In 2015, Suitt pled no contest to murder in the second degree. The court sentenced him to life in prison with the possibility of parole. Later, the Hawai'i Paroling Authority (HPA) set Suitt's minimum term at 45 years. Suitt did not directly appeal his conviction, but six months later – on his own – filed a Hawai'i Rules of Penal Procedure (HRPP) Rule 40 petition for post-conviction relief. Suitt updated his hand-written petition multiple times between 2016 and 2019. In its final form, the petition claimed fifty-five grounds for relief. These claims included ineffective assistance of counsel as well as due process violations relating to the HPA minimum term hearing.

Eventually, Suitt's petition was heard in the Circuit Court of the First Circuit. On March 16, 2020, the circuit court found that while most of Suitt's claims were "patently frivolous" under HRPP Rule 40(g)(2), the claims relating to his minimum term hearing were colorable under Lewi v. State, 145 Hawai'i 333, 348-49, 452 P.3d 330, 345-46 (2019) (holding that "the HPA is required to set forth a written justification or explanation (beyond simply an enumeration of any or all of the

2

broad criteria considered) when it determines that the minimum term of imprisonment for the felony offender is to be set at a Level II or Level III punishment").  The court then scheduled an evidentiary hearing on these claims for April 20, 2020.  It also appointed counsel for Suitt.

On April 13, 2020, the court amended its previous order to address additional claims for relief added by Suitt – these were denied.  The amended order retained a footnote from the previous order mentioning that if the HPA held a new minimum term hearing, Suitt's remaining claims would be mooted.[1]

On May 12, 2020, Suitt's counsel called Suitt and informed him, apparently for the first time, that the circuit court had denied all of his claims except for the ones relating to his minimum term sentencing.  He told Suitt that the next day was the last day he could appeal, that is, if he wanted to appeal.

Suitt did.  Over the phone, Suitt told his attorney to appeal "any and all grounds the court denied."  Then he

_____

[1]     The footnote stated:

> In the event HPA agrees to conduct a new minimum term hearing pursuant to State v. Lewi and appoints new substitute counsel for Petitioner, this would obviate the need for this court to conduct an evidentiary hearing on all of these grounds -- 4-8, 24, 25, and 39, relating to the HPA minimum term hearing Level 3 determination, and Grounds 2-3, 9, 26, 31, and 43, related ineffective assistance of counsel as to the HPA minimum term hearing. If HPA agreed to conduct a new minimum term hearing with new counsel, all of these claims would be rendered moot.

memorialized this request in a letter to his attorney.[2]  The day of the call, Suitt's attorney submitted an appeal of the April 13 Order.[3]  However the proceedings had not yet concluded in the circuit court.

On May 14, 2020, the HPA responded to the April 13 Order. The HPA represented that it had scheduled a new minimum term hearing for Suitt, which mooted his remaining claims.[4]  On May 20, 2020, the circuit court issued a new order.  It dismissed

---

[2]    Suitt's letter read in relevant part:

> Greetings, in summary of our discussion on 5/12/2020, I have the following understandings:
>
> I was notified by you verbally that the court denied my grounds in my HRPP Rule 40 Petition, except for those relating to Levi vs State, and that 5/13/2020 was the last day I could appeal.  I expressed to you that I wanted to Appeal any and all grounds the court denied, grounds 1-55 of record under my HRPP Rule 40 Petition SPP. NO. 16-1-0011.  I further had my brother Clayton text to you that I wanted an Appeal for all denied grounds on 5/13/2020.  I do appreciate that you notified of my right to appeal; the court denied the grounds without notification to me and I was "surprised" when you informed me of the denied grounds in my Rule 40.  You are well aware of my intention to exhaust state remedies and pursue Federal review of the actions of the First Circuit Court and its officers in my criminal case, as well as the procedures of the HPA which I believe are in violation of Constitutional and U.S. Supreme Court law.

[3]    Suitt's counsel submitted an amended appeal on the next day, May 13. The changes are irrelevant to this appeal.  Counsel included the words "court-appointed" and attached the order appointing him.

[4]    The HPA's response stated:

> In this case, the HPA has scheduled a new minimum term hearing.  The claims against the HPA in the instant petition are therefore moot because this court can no longer grant the effective relief.  Accordingly, the remaining claims against HPA should be dismissed, with the corresponding evidentiary hearing set for May 26, 2020 for these claims should be vacated.

the remaining claims in the petition as moot and vacated the scheduled evidentiary hearing.

Suitt's counsel didn't file a notice of appeal from the May 20 Order. And he didn't file an opening brief for his appeal of the April 13 Order. Nor did he ask the court for an extension. On August 28, the ICA warned Suitt's counsel that the time to file the briefs had expired and that the appeal could be dismissed under Hawai'i Rules of Appellate Procedure (HRAP) Rule 30. Almost a month later, on September 24, Suitt's counsel submitted a motion asking for a temporary remand to the circuit court so that he could withdraw as counsel there. In the same motion, Suitt's counsel sought an extension of time on the opening brief. The ICA construed this as a request for relief from the defaulted opening brief and granted both parts of the motion. On November 16, Suitt's counsel filed a motion to withdraw in the circuit court. The circuit court promptly granted his motion and Suitt's current counsel was appointed.

On May 31, 2022, the ICA dismissed Suitt's appeal for lack of appellate jurisdiction because the appeal had not been taken from a final order. It found that neither HRAP Rule 4(b)(4)'s Premature Notice exception nor the exceptions identified in

Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) for untimely appeals applied.[5]

Suitt appealed. Suitt argues that the April 13 Order was in fact a final order.

As a question of law, the existence of jurisdiction is reviewed de novo under the right/wrong standard. See Lingle v. Hawai'i Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005).

## II.

The right of appeal derives from statute. See Chambers v. Leavey, 60 Haw. 52, 56, 587 P.2d 807, 810 (1978). In this case, HRPP Rule 40(h) authorizes defendants to appeal judgments entered in post-conviction proceedings. Such appeals must comply with HRAP Rule 4(b), and like all appeals, are subject to a finality requirement. See State v. Baranco, 77 Hawai'i 351,

---

[5]   The ICA stated:

> In an appeal from a circuit-court proceeding involving an HRPP Rule 40 petition for post-conviction relief,
>
> > we have permitted belated appeals under two sets of circumstances, namely, when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.
>
> Grattafiori, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citation omitted). However, neither exception applies to the instant case.

353, 884 P.2d 729, 731 (1994); State v. Nicol, 140 Hawai'i 482, 489, 403 P.3d 259, 266 (2017).

A final order "means an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (1986); see also State v. Kalani, 87 Hawai'i 260, 261, 953 P.2d 1358, 1359 (1998) (assuming that "final order" has the same meaning in the civil and criminal context). An order is not final "if the matter is retained for further action." Familian Northwest, 68 Haw. at 370, 714 P.2d at 937.

We agree with the ICA that the April 13 Order was not final. The order did not end the Rule 40 proceeding; it scheduled a further proceeding — an evidentiary hearing on several of Suitt's grounds for relief. It was not until the May 20, 2020 order, which vacated the hearing and dismissed the remaining claims, that the court fully resolved Suitt's claims for the purpose of appeal.

Rule 4(b) does contain an exception. A notice of appeal "filed after the announcement of a decision, sentence or order but before entry of the judgment or order" is treated as if it were filed after entry of the order. HRAP Rule 4(b)(4). In the prototypical example, a judge delivers an oral order, with some time elapsing before the order is formally entered. See, e.g.,

Shimabuku v. Montgomery Elevator Co., 79 Hawai'i 352, 356, 903 P.2d 48, 52 (1995). The Premature Notice of Appeal exception prevents technicality from displacing substance. If a final order has been clearly communicated by the court, parties should not be penalized for appealing before that order is formally entered. This exception, though, does not remove the requirement that the order announced be a final one. See Grattafiori, 79 Hawai'i at 14, 897 P.2d at 941 (holding that HRAP Rule 4(b)(4) does not apply when "the court has rendered no decision whatsoever"); see also Wong v. Takeuchi, 83 Hawai'i 94, 101, 924 P.2d 588, 595 (App. 1996).

Here, no final order was announced prior to the May 20 Order. It is true that the April 13 Order foreshadows the case's ultimate disposition. Footnote 3 of the order notes that the HPA could moot Suitt's remaining claims by setting a new hearing. This is precisely what the HPA did. But at the time Suitt's appeal was filed, he had no way of knowing what action the HPA would take. And a court indicating what it would most likely do, if one of the parties were to act in a certain way, is too indefinite and conditional to constitute the announcement of a final order.

Because the April 13 Order was not final and does not fall within the HRAP Rule 4(b)(4) exception, the appeal did not give rise to appellate jurisdiction.

8

However, the April 13 Order's lack of finality is not the end of the story.  Hawai'i appellate courts permit belated appeals when defense counsel has acted inexcusably or ineffectively in pursuing an appeal.  See Grattafiori, 79 Hawai'i at 14, 897 P.2d at 941.  The ICA did not think this exception applied to Suitt's case, perhaps because Grattafiori appears to confine the exception to appeals "in the first instance."  Id. While Suitt did not contest this point in his cert application, we raise it due to its constitutional significance.  See State v. Pitts, 131 Hawai'i 537, 541, 319 P.3d 456, 460 (2014).  Here, we part ways with the ICA's analysis.

Since Grattafiori, we have decided several key ineffective assistance of counsel cases.  These cases make clear that the right to effective counsel goes further than appeals in the first instance.  See, e.g., State v. Uchima, 147 Hawai'i 64, 76, 464 P.3d 852, 864 (2020) (holding that a defendant has a right to the effective assistance of counsel during certiorari review).

Maddox v. State, 141 Hawai'i 196, 407 P.3d 152 (2017) is on point.  In Maddox, we considered an appeal rendered untimely by the procedural lapses of defense counsel.  We began with the basic premise that defendants have a right to counsel under article I, section 14 of the Hawai'i Constitution.  To vindicate this right, counsel have "an ongoing obligation to [the

9

defendant] that include[s] pursuing an appeal if [the defendant] chose this course." Id. at 203, 407 P.3d at 159. This right to counsel encompasses "the procedural steps necessary to bring about the appeal." Id. It follows that defense counsel have a "duty to diligently fulfill the procedural requirements of appeal if the defendant elects to appeal." Id. When counsel's procedural failures deny the defendant an appeal, the defendant "need not demonstrate any additional possibility of impairment to establish that counsel was ineffective." Id. at 206, 407 P.3d at 162.

Suitt made clear that he wanted to exercise his statutory right to appeal the dismissal of his Rule 40 claims. Not content to communicate this to his attorney over the phone, he repeated his intent in writing. Of course, Suitt could not have been expected to know that his attorney had given him inaccurate information. May 13 was not the last day Suitt had to appeal — rather, any appeal would lack jurisdiction until all the grounds in the petition had been disposed of by the court.

We presume prejudice to Suitt from his counsel's failure to take the procedural steps necessary to kick-start an appeal that Suitt clearly desired.

The appropriate remedy is consideration of the appeal on its merits. See Uchima, 147 Hawai'i at 80-81, 464 P.3d at 868-69 (noting that proceeding to the merits when the failure to timely

file results from the ineffective assistance of counsel prevents "unnecessary delay to the defendant whose rights have been adversely affected").  We also clarify that the exception outlined in <u>Grattafiori</u> for untimely appeals based on ineffective counsel is not confined to appeals in the first instance.  It covers any instance where ineffective counsel has nullified a defendant's statutory right of appeal.

## III.

For the reasons stated above, we vacate the ICA's May 31, 2022 Order and remand this case to the ICA to address the merits of the appeal.

Kai Lawrence
for petitioner

Donn Fudo
(on the briefs)
for respondent State of Hawaiʻi

Laura K. Maeshiro and
Craig Y. Iha (on the briefs)
for respondent Hawaiʻi Paroling
Authority, State of Hawaiʻi

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

