**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000370**
**03-SEP-2024**
**07:59 AM**
**Dkt. 188 SO**

NO. CAAP-20-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BRYAN SUITT, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR161000011)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge and Hiraoka, J.
and DeWeese, Third Circuit Court J. (in place of Wadsworth,
Nakasone, McCullen and Guidry, JJ., recused))

Bryan **Suitt** appeals from the (1) Amended Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody entered on April 13, 2020; and (2) Order Dismissing Remaining Grounds of Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, and Vacating Hearing Set for 5/26/20 entered on May 20, 2020, by the Circuit Court of the First Circuit (the **Rule 40 Court**).[1] We affirm.

On November 26, 2013, Suitt was indicted for Murder in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) §§ 707-701.5 & 706-656. He pleaded not guilty. On August 24,

---

[1] The Honorable Karen T. Nakasone presided.

2015, he changed his plea to no-contest. On November 9, 2015, he was sentenced to life in prison with the possibility of parole.[2] He did not appeal.

In 2016 the Hawaii Paroling Authority (**HPA**) set Suitt's minimum term at 45 years. On May 25, 2016, Suitt filed a Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition for post-conviction relief. What followed is described in Suitt v. State, 152 Hawai'i 60, 520 P.3d 258 (2022):

> Suitt updated his handwritten petition multiple times between 2016 and 2019. In its final form, the petition claimed fifty-five grounds for relief. These claims included ineffective assistance of counsel as well as due process violations relating to the HPA minimum term hearing.
>
> . . . [T]he circuit court found that while most of Suitt's claims were "patently frivolous" under HRPP Rule 40(g)(2), the claims relating to his minimum term hearing were colorable under Lewi v. State, 145 Hawai'i 333, 348-49, 452 P.3d 330, 345-46 (2019) . . . . The court then scheduled an evidentiary hearing on these claims for April 20, 2020. It also appointed counsel for Suitt.
>
> On April 13, 2020, the court amended its previous order to address additional claims for relief added by Suitt — these were denied. The amended order retained a footnote from the previous order mentioning that if the HPA held a new minimum term hearing, Suitt's remaining claims would be mooted.
>
> . . . .
>
> On May 14, 2020, the HPA responded to the April 13 Order. The HPA represented that it had scheduled a new minimum term hearing for Suitt, which mooted his remaining claims. On May 20, 2020, the circuit court issued a new order. It dismissed the remaining claims in the petition as moot and vacated the scheduled evidentiary hearing.

Id. at 63-64, 520 P.3d at 261-62 (footnotes omitted).

Suitt appealed. We dismissed the appeal as untimely. Suitt v. State, No. CAAP-20-0000370, 2022 WL 1747768, at *2 (Haw. App. May 31, 2022), cert. granted, No. SCWC-20-0000370, 2022 WL 4103326 (Haw. Sept. 8, 2022), vacated and remanded, 152 Hawai'i 60, 520 P.3d 258 (2022). The supreme court agreed that Suitt's appeal was untimely, but expanded the remedy for untimely appeals

---

[2] The Honorable Karen S.S. Ahn presided.

due to ineffective assistance of counsel to include appeals from denials of HRPP Rule 40 petitions.  <u>Suitt</u>, 152 Hawaiʻi at 65-66, 520 P.3d at 263-64.  The supreme court remanded for us to address the merits of Suitt's appeal.

On remand, we granted the State's motion to dismiss Suitt's appeal based on ground 54 — which challenged the HPA's 2016 minimum term decision — on mootness grounds.  This applies to all of Suitt's challenges to the HPA's 2016 proceedings in this appeal, for the reasons explained in our April 23, 2024 order dismissing Suitt's appeal from the denial of ground 54.

For the grounds relating to his criminal case, Suitt raises five points of error.  He contends the Rule 40 Court erred by concluding that the following claims were waived or without merit, patently frivolous, and without a trace of support in the record:  **(1)** his change of plea was not entered knowingly, voluntarily, or intelligently (grounds 13, 15, 29, and 40 of his petition); **(2)** he did not receive a hearing device despite his near-total hearing loss (ground 10); **(3)** the sentencing court improperly considered a presentence interview and a report of an HRS Chapter 704 examination conducted when he was not assisted by counsel (grounds 16 and 17); and **(4)** he was denied effective assistance of counsel (grounds 1, 22, 41, 43, and 45).  He also contends: **(5)** the circuit court erred by failing to rule on grounds 54 and 55 of his petition.

We review the denial without a hearing of an HRPP Rule 40 petition de novo, under the *right/wrong* standard of review.  <u>Stanley v. State</u>, 76 Hawaiʻi 446, 448, 879 P.2d 551, 553 (1994).  An HRPP Rule 40 petition should be heard if it states a colorable claim.  <u>Id.</u> at 449, 879 P.2d at 554.  It states a colorable claim if the facts alleged, if true, would change the result in the trial court.  <u>Id.</u>  It may be denied without a hearing "*if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner*."  <u>Id.</u> at 449, 879 P.2d at 554 (quoting HRPP Rule 40(f)).

**(1)** Suitt argues he raised a colorable claim that his no-contest plea was not entered knowingly, voluntarily, or intelligently because of his hearing deficit and medications. The change-of-plea hearing transcript shows that Suitt was "fitted with a hearing device." The circuit court asked Suitt, "are you able to hear clearly everything that I am saying and everything that the lawyers are saying?"

Suitt responded, "Yes."

The court asked, "Is your mind clear right now?"

Suitt responded, "Yes, it is." He told the court he had taken his regular medication that morning for attention deficit disorder and depression. He responded to the trial court's questions by confirming that neither his medication nor his underlying conditions were interfering with his "ability to understand exactly what we're doing here, what people are saying[,]" "to think clearly[,]" or "to make some very important decisions[.]" There is nothing in the change-of-plea hearing record to indicate Suitt could not hear or understand the proceedings.

Suitt also argues the change-of-plea form he signed was defective because the boxes advising him of potential immigration consequences were not checked, and the trial court's immigration colloquy "was perfunctory at best." But he acknowledges that the trial court administered the advisement required under HRPP Rule 11(d) and HRS § 802E-2. The transcript of proceedings bears this out. Suitt said he understood the immigration advisement. The record shows Suitt was born in California. If there was error in not checking the immigration advisory boxes on the no-contest plea form, it was harmless. State v. Martin, 102 Hawai'i 273, 281, 75 P.3d 724, 732 (App. 2003).

**(2)** Suitt argues he raised a colorable claim he was not "present" at various proceedings as required by HRPP

Rule 43(a)[3] because he was not provided with hearing aids. This non-jurisdictional claim is barred as to proceedings held before the change-of-plea hearing, because Suitt's no-contest plea was valid. State v. Hernandez, 143 Hawaiʻi 501, 508, 431 P.3d 1274, 1281 (2018) (noting that defendants who validly plead no-contest are generally barred from raising nonjurisdictional claims related to pretrial proceedings).

During Suitt's sentencing hearing, the trial court stated it "doesn't, you know, have a lot of discretion. This [sentence for Murder in the Second Degree] is mandatory."[4] The court asked Suitt if he had anything he wished to say. Suitt responded, "No, Your Honor." There is nothing in the sentencing hearing record to indicate Suitt could not hear or understand the proceedings. Suitt's ability to hear was not implicated by the proceeding because the sentencing court had no discretion to vary the statutory mandatory minimum sentence; nothing Suitt could have done or said could have changed his sentence.

**(3)** Suitt argues he raised a colorable claim that the sentencing court improperly considered a presentence interview and reports of HRS Chapter 704 mental examinations conducted when he was not assisted by counsel. Suitt pleaded no-contest to Murder in the Second Degree. The circuit court was required to, and did, impose a sentence of life in prison with the possibility of parole. HRS § 706-656(2) (2014).

**(4)** Suitt argues he raised a colorable claim he received ineffective assistance of counsel because his former attorney submitted two declarations responding to allegations of ineffective assistance of counsel made in his HRPP Rule 40 petition. This argument lacks merit. See Hawaiʻi Rules of

---

[3] HRPP Rule 43(a) requires the defendant's presence at arraignment, time of plea, evidentiary pretrial hearings, every stage of trial including impaneling of the jury, return of the verdict, and sentencing, except as otherwise provided by the rule.

[4] The mandatory minimum sentence for Murder in the Second Degree is life in prison with the possibility of parole. HRS § 706-656(2) (2014).

Professional Conduct Rule 1.6(b)(4) ("A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]").

Suitt also argues his attorney ineffectively failed to advise him of his right to appeal. During his change-of-plea hearing the circuit court advised him, "If you plead no contest, you give up your right to appeal what has occurred so far in this case." When Suitt signed the change-of-plea form he acknowledged, "I also give up the right to appeal anything that has happened in this case to date." Having validly pleaded no-contest, Suitt had no basis for a direct appeal. Hernandez, 143 Hawaiʻi at 508, 431 P.3d at 1281.

Suitt argues his attorney ineffectively failed to advise him about entering a conditional plea under HRPP Rule 11(a)(2). The rule provides:

> With the approval of the court and the consent of the State, a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specific pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

There is nothing in the record showing that the State would have consented to a conditional plea. Suitt didn't explain to the Rule 40 Court which pretrial motion rulings he wanted to appeal, or why an appeal would probably have succeeded.

Suitt argues his attorney ineffectively failed to advise him about withdrawing his plea before he was sentenced. Suitt didn't explain to the Rule 40 Court what "plausible and legitimate grounds" he had to withdraw a valid no-contest plea. State v. Pedro, 149 Hawaiʻi 256, 270, 488 P.3d 1235, 1249 (2021). Nor did he show "changed circumstances or new information [to] justify withdrawal of the plea." Id. at 271, 488 P.3d at 1250.

Suitt argues his attorney ineffectively failed to review discovery and the presentence investigation report with

him. His arguments about the presentence investigation report go only to the 2016 HPA minimum term hearing, which is moot. Neither Suitt's petition nor his opening brief identify any discovery Suitt did not review.

Suitt argues his attorney ineffectively failed to investigate "potential alibi evidence" showing he "was not in Hawaii at the time of the alleged crime." The indictment alleged that the crime occurred between August 17 and September 16, 2013. Suitt argued to the Rule 40 Court that airline records show his "initial arrival Honolulu, Hawaii [was] on 9/8/13. Therefore, [he] was not in Hawaii before 9/8/13, but was on the mainland, based upon these facts of record." Suitt's attorney didn't need airline records; if Suitt wasn't in Hawai'i before September 8, 2013, Suitt should have told his attorney. But the airline records actually showed that Suitt traveled from Honolulu to San Diego on September 7, 2013, and returned to Honolulu on September 8, 2013. Parts of the victim's body were discovered on September 15, 2013. The rest of it was found on September 16, 2013. The medical examiner estimated the remains had been there since September 12, 2013, based on insect activity on the torso. Suitt's alibi argument is patently frivolous.

**(5)** Suitt argues the Rule 40 Court erred by failing to rule on grounds 54 and 55 of his petition. Suitt first asserted those grounds on April 9, 2020 — four days before the court entered the April 13, 2020 order on Suitt's petition and multiple previous amendments. Suitt did not obtain leave to assert grounds 54 or 55, as required under HRPP Rule 40(e). Even if he had, ground 54 pertained to the 2016 HPA minimum term hearing, which is moot. Ground 55 claimed that the "indictment was improperly amended to include 'dismemberment[.]'" The argument is without a trace of support in the record because the indictment was never amended.

For these reasons, the "Amended Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Petition to Vacate, Set Aside, or Correct Judgment or to Release

7

Petitioner from Custody" entered on April 13, 2020, and the "Order Dismissing Remaining Grounds of Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, and Vacating Hearing Set for 5/26/20" entered on May 20, 2020, are affirmed.

DATED: Honolulu, Hawaiʻi, September 3, 2024.

On the briefs:

Kai Lawrence,
for Petitioner-Appellant.

Laura K. Maeshiro,
Craig Y. Iha,
Deputy Attorneys General,
State of Hawaiʻi,
for Respondent-Appellee
Hawaiʻi Paroling Authority,
State of Hawaiʻi.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee
State of Hawaiʻi.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Wendy M. DeWeese
Circuit Court Judge